# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC. AND WAL-MART STORES EAST, LP,<br><br>    Defendants. | C.A. No. 20-1744-CFC |

## MOTION BY THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, THE NATIONAL RETAIL FEDERATION, AND THE WASHINGTON LEGAL FOUNDATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF

The Chamber of Commerce of the United States of America ("the Chamber"), the National Retail Federation ("NRF"), and the Washington Legal Foundation ("WLF"), by and through their counsel, respectfully move for leave to submit the attached *amici curiae* brief in the above-captioned matter. Counsel for the United States and Walmart have both represented that they consent to the filing of the attached *amici* brief.[1]

The Chamber of Commerce of the United States of America ("Chamber") is the world's largest business federation. The Chamber represents 300,000 direct

---

[1] Pursuant to Local Rule 7.1.1, counsel for all parties have conferred regarding this substance of this motion and all parties consent to the filing of the proposed *amici* brief.

members and indirectly represents an underlying membership of more than three million businesses and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus* briefs in cases that raise issues of concern to the Nation's business community.

The National Retail Federation ("NRF") is the world's largest retail trade association, representing diverse retailers from the United States and more than 45 countries. Retail is the nation's largest private-sector employer, contributing $3.9 trillion to annual GDP and supporting one in four U.S. jobs. For over a century, NRF has been a voice for every retailer and every retail job, communicating the impact retail has on local communities and global economies. NRF submits *amicus curiae* briefs in cases raising significant legal issues for the retail community.

Washington Legal Foundation ("WLF") is a nonprofit, public-interest law firm and policy center with supporters nationwide. WLF promotes free enterprise, individual rights, limited government, and the rule of law. It often appears as *amicus curiae* to oppose penalizing individuals and businesses who lack sufficient knowledge of wrongdoing. And WLF's Legal Studies division, the publishing arm of WLF, regularly publishes scholarly articles on the importance of scienter.

Although this Court's Local Rules do not address *amicus curiae* briefs, federal courts have inherent authority to allow the filing of such briefs. *See, e.g.*, *Rowland v. GGNSC Ripley, LLC*, No. 3:13-cv-00011, 2016 WL 4136486, at *4 (N.D. Miss. Aug. 3, 2016) (collecting cases). District courts typically look to "factors such as whether the proffered information is 'timely and useful or otherwise necessary to the administration of justice.'" *Pegasus Equine Guardian Ass'n v. U.S. Army*, No. 2:17-cv-0980, 2019 WL 362598, at *1 (W.D. La. Jan. 28, 2019) (quoting *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007)); *see also Earth Island Inst. v. Nash*, No. 1:19-cv-01420, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019) (citations omitted) ("The touchstone is whether the *amicus* is helpful[.]" (cleaned up; citations omitted)). These factors favor the filing of the attached *amici* brief.[2]

---

[2] In accepting briefs from *amici*, the Seventh Circuit noted that the Chamber's "insight" into a complex regulatory scheme would be "helpful to deciding th[e] appeal," and that WLF's brief offered its "own theory for how to best fit" recent precedent "into the existing federal scheme" at issue in the case. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020). Indeed, *amici* regularly file briefs to assist courts in resolving complicated legal issues, like the one before this Court. *See, e.g.*, Brief of Intervenor-Respondents, *Sierra Club v. EPA*, 955 F.3d 56 (D.C. Cir. 2020) (No. 18-1167) (Chamber coalition brief discussing proper interpretation of agency guidance document); *see also Amicus Curiae* Brief of Washington Legal Foundation and Allied Educational Foundation, *Merck & Co. v. United States Dep't of Health & Hum. Servs.*, 962 F.3d 531 (D.C. Cir. 2020) (No. 19-5222).

The *amici curiae* brief here addresses relevant and important issues that the parties' briefs have not fully explored. Courts have generally rejected "collective knowledge" theories of scienter, under which pieces of information known to different employees are combined to find that an organization, as a whole, "knowingly" violated the law. *Amici* have a strong interest in defending this traditional rule because the proper standard for corporate scienter is critical under myriad statutes and regulatory programs.

The *amici curiae* brief is timely. The local rules do not specify a time period to respond, but the United States consented to the filing of the brief if it was filed by March 3, 2021. *Amici* have complied with this agreed-upon deadline.

In sum, the *amici curiae* brief will be "both useful and necessary to the administration of justice." *Cox v. Morris*, No. 3:18-cv-30, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019). This motion for leave should thus be granted. *See, e.g.*, *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1139 n.4 (9th Cir. 2019) (granting "*amicus* motion" after finding it "relevant and useful").[3] *Amici* respectfully request that the Court accept the attached *amici curiae* brief for filing.

---

[3] To the extent this Court holds any reservations on whether it should grant leave to file, "it is preferable to err on the side of permitting *amicus* briefs" because "[u]ltimately, if the filed *amicus* brief turns out to be unhelpful, the court can simply disregard it," whereas "if a good brief is rejected, the Court will be deprived of a resource that might have been of assistance." *Earth Island*, 2019 WL 6790682, at *2 (cleaned up; citations omitted).

Dated: March 3, 2021

Daryl Joseffer
Michael B. Schon

U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Stephanie A. Martz

NATIONAL RETAIL FEDERATION
1101 New York Avenue, NW
Suite 1200
Washington, DC 20005

Cory L. Andrews
John M. Masslon II

WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Avenue, NW
Washington, DC 20036
(202) 588-0302

Respectfully submitted,

*/s/ Christopher Kelly*
Christopher Kelly (DE Bar No. 2754)
Megan L. Brown
Stephen J. Obermeier
Wesley E. Weeks

WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
ckelly@wiley.law

*Counsel for Amici Curiae*

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies that the foregoing contains 660 words in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

*/s/ Christopher Kelly*
Christopher Kelly (DE Bar No. 2754)