# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) C.A. No. 20-1744-CFC |
| v. | ) ) |
| WALMART INC. and WAL-MART STORES EAST, LP, | ) ) ) |
| Defendants. | ) ) |

**UNOPPOSED MOTION OF THE NATIONAL ASSOCIATION OF CHAIN DRUG STORES FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7.1.2, the National Association of Chain Drug Stores (NACDS) respectfully seeks leave to file an *amicus curiae* brief in support of Defendants' pending motion to dismiss (D.I. 27). In support of this motion, NACDS states as follows:

1. This litigation centrally concerns the obligations of pharmacists and pharmacies under federal law in filling prescriptions for controlled substances.

2. As a non-profit, tax-exempt organization that represents traditional drug stores, community pharmacies, supermarkets, and mass merchants with pharmacies, NACDS has a strong interest in these and related issues. NACDS chain members operate over 40,000 pharmacies and employ nearly 3 million individuals, including 155,000 pharmacists; its 80 chain member companies

include regional chains, with a minimum of four stores, and national companies. NACDS members also include more than 900 supplier partners and over 70 international members in 21 countries. NACDS has an interest in maintaining the safe care of patients who rely on pharmacists' training, judgment, and professionalism, and in ensuring that pharmacists can practice their profession under clear and consistent rules.

3. NACDS respectfully submits that its proposed brief (Exhibit 1) provides a useful perspective that will assist in the Court's consideration of the issues raised this case. Drawing on the practical experience of pharmacies and pharmacists, the brief explains, among other things, the limited role of pharmacists in filling prescriptions for controlled substances; the fundamental flaws in the government's legal theories; and the difficulties that the government's enforcement approach causes the profession.

4. NACDS's proposed brief is under 4,000 words long—half the length permitted for Defendants' opening brief and the government's answering brief. D.I. 22 at 3; *cf.* Fed. R. App. Proc. 29(a)(5) ("Except by the court's permission, an amicus brief may be no more than one-half the maximum length authorized . . . for a party's principal brief.").

5. All parties have consented to the filing of this brief.

6. For these reasons, good cause exists for granting the requested relief.

WHEREFORE, NACDS respectfully requests that the Court grant its motion and order that its brief, submitted contemporaneously herewith, be deemed filed.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Torsten M. Kracht
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 419-2149
tkracht@huntonak.com

Trevor S. Cox
HUNTON ANDREWS KURTH LLP
Riverfront Plaza
951 E. Byrd Street
Richmond, Virginia 23219
(804) 788-7721
tcox@huntonak.com

Dated: March 3, 2021
7083938

By: */s/ T. Brad Davey*
T. Brad Davey (#5094)
Alan R. Silverstein (#5066)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
bdavey@potteranderson.com
asilverstein@potteranderson.com

*Attorneys for* Amicus Curiae *National Association of Chain Drug Stores*

## **WORD COUNT CERTIFICATION**

The undersigned hereby certifies that this filing complies with the type, font, and word limitations set forth in this Court's Standing Order Regarding Briefing In All Cases, in that it was prepared in Times New Roman 14-point font and contains 347 words, as determined by the word-count feature of Microsoft Word.

POTTER ANDERSON & CORROON LLP

By: */s/ T. Brad Davey*
    T. Brad Davey (#5094)
    Alan R. Silverstein (#5066)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    bdavey@potteranderson.com
    asilverstein@potteranderson.com

Dated: March 3, 2021

*Attorneys for* Amicus Curiae *National Association of Chain Drug Stores*