## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALMART INC. AND WAL-MART )<br>STORES EAST, LP, )<br><br>Defendants. ) | C.A. No. 20-1744-CFC |

## [PROPOSED] PROTECTIVE ORDER

### I.   Scope of Order

1.    Disclosure and discovery activity in the above-captioned action (this "Litigation") may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties[1] hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). Unless otherwise noted, this Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days.

---

[1] The Parties to this litigation are the United States and Walmart Inc. and Wal-Mart Stores East, LP (together, "Walmart").

2.    This Protective Order shall govern all information produced or disclosed by a Producing Party (defined in Paragraph 10) to a Receiving Party (defined in Paragraph 12) during the United States's investigation preceding the filing of the above-captioned complaint ("Investigation Material") or in the course of discovery ("Discovery Material") in this Litigation. This includes all information produced or disclosed by a Producing Party to a Receiving Party in the course of the investigation or discovery, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise. This Protective Order is binding on the Parties to this Litigation and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, and others as set forth in this Protective Order.

3.    The entry of this Protective Order does not preclude any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.    This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to

the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential.

6. <u>Other Proceedings.</u> With respect to Discovery Material produced in this Litigation that were previously produced in *In re National Prescription Opioid Litigation*, Case No. 17-MD-2804 (N.D. Ohio) ("MDL 2804") or any other opioid related litigation or investigation, nothing in this Protective Order shall require a party to redesignate materials previously designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," or comparable notices. Such designations made in other opioid litigation or investigations shall, to the extent that the materials are re-produced in this Litigation, apply in this Litigation under the terms of this Protective Order, but the Receiving Party may challenge any such designations with this court. *See* Section X, *infra*, for processes regarding challenging designations.

7. With respect to Investigation Material produced by Walmart to the United States during the pre-complaint investigation, the Parties agree that Walmart is entitled to designate and redact such materials consistent with the terms of this Order so as to ensure that such materials are appropriately protected during the course of this Litigation. The Parties will meet and confer regarding the timing

and mechanism for providing the United States with such designations and redactions.

8. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose information designated by another Party as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" shall promptly notify that Party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. *See* Section XIII, *infra*, for processes regarding requested designated materials in other matters.

## II. Definitions

9. <u>Party</u>. "Party" means any of the parties in this Litigation at the time this Protective Order is entered. If additional parties are added to this Litigation, their ability to receive materials designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" as set forth in this Protective Order will be subject to their being bound, by agreement or Court Order, to this Protective Order.

10.     Producing Party. "Producing Party" means any Party subject to this Protective Order that produces or otherwise makes available Investigation or Discovery Material to a Receiving Party. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

11.     Designating Party. "Designating Party" means any Party subject to this Protective Order that has designated Investigation or Discovery Material as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" in accordance with this Protective Order.

12.     Receiving Party. "Receiving Party" means any Party subject to this Protective Order that receives Investigation or Discovery Material from a Producing Party. To the extent permitted by this Order, third parties may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Receiving Party for purposes of this Protective Order.

13.     Investigation Material. "Investigation Material" means any information, document, or tangible thing, hard copy or electronic, produced by a

Producing Party to the United States during the United States's pre-complaint investigation.

14. <u>Discovery Material</u>. "Discovery Material" means any information, document, or tangible thing, hard copy or electronic, produced by a Producing Party during discovery in this Litigation, including responses to discovery requests, deposition testimony or transcripts, expert testimony and reports, and any other similar materials, or portions thereof.

15. <u>Competitor</u>. "Competitor" means any company or individual, other than the Producing Party, engaged in the design; development; manufacture; regulatory review process; dispensing; marketing; distribution; creation, prosecution, pursuit, or other development of an interest in protecting intellectual property; and/or licensing of any product or services involving any controlled substances.

16. <u>Confidential Information</u>. "Confidential Information" is defined herein as information that the Designating Party in good faith believes would be entitled to protection on a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) on the basis that it constitutes, reflects, discloses, or contains information protected from disclosure by statute, regulation, or law, or that should be protected from disclosure as confidential, including personally identifiable information, medical or psychiatric information to the extent it does not constitute Protected

Health Information, names of law enforcement employees and personnel, information protected by the Privacy Act of 1974 (5 U.S.C. § 552a), personnel records, law enforcement materials (including investigative files, overdose records, records relating to naloxone or Narcan, coroner's records, court records, and prosecution files), internal government deliberative process documents that have been maintained as confidential, research, technical, commercial or financial information that the Designating Party has maintained as confidential, or such other proprietary or sensitive business and commercial information that is not publicly available. In addition, to the extent that a Producing Party produces materials in this Litigation that were produced in MDL 2804 or any other opioid related litigation or investigation, and such materials were designated as "Confidential" in MDL 2804 or other opioid related litigation or investigation, those materials will be deemed to be produced as Confidential Information under this Protective Order for purposes of production in this Litigation. Public records and other information or documents that are publicly available (unless disclosed publicly without consent of the Producing Party) may not be designated as Confidential Information. In designating materials as Confidential Information, the Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as Confidential.

17.	Highly Confidential Information. "Highly Confidential Information" is defined herein as: (1) information that, if disclosed to, disseminated to, or used by a Competitor of any Party or any other person not enumerated in Paragraph 44, could reasonably result in possible antitrust violations or commercial, financial, or business harm; and (2) Protected Health Information, as described in Section III. In addition, to the extent that a Producing Party produces materials in this Litigation that were produced in MDL 2804 or any other opioid related litigation or investigation, and such materials were designated as "Highly Confidential" in MDL 2804 or other opioid related litigation or investigation, those materials will be deemed to be produced as Highly Confidential Information under this Protective Order for purposes of production in this Litigation. In designating materials as Highly Confidential Information, the Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as Highly Confidential.

18.	Highly Confidential – Attorneys' Eyes Only Information. "Highly Confidential – Attorneys' Eyes Only Information" is defined herein as information properly designated as Highly Confidential and which, if disclosed to, disseminated to, or used by any person not enumerated in Paragraph 45 below, creates extraordinary risk of harm, including harm to non-parties;

infringing on the privacy interests of non-parties; or may interfere with the law enforcement responsibilities of the United States. In addition, to the extent that a Designating Party produces materials in this Litigation that were produced in MDL 2804 or any other opioid related litigation or investigation, and such materials were designated as "Highly Confidential – Attorneys' Eyes Only" in MDL 2804 or other opioid related litigation or investigation, those materials will be deemed to be produced as Highly Confidential – Attorneys' Eyes Only under this Protective Order for purposes of production in this Litigation. In designating materials as Highly Confidential – Attorneys' Eyes Only Information, the Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as Highly Confidential – Attorneys' Eyes Only Information.

19. <u>Protected Material</u>. "Protected Material" means any Investigation or Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material, that contains or constitutes Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information and that is designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes

Only," or "Highly Confidential – Protected Health Information" in accordance with this Protective Order.

20. <u>Outside Counsel</u>. "Outside Counsel" means any law firm or attorney who represents Walmart for purposes of this Litigation.

21. <u>In-House Counsel</u>. "In-House Counsel" means attorney employees of Walmart who are working on or contributing to this Litigation.

22. <u>United States Counsel</u>. "United States Counsel" means attorneys for the United States Government, Department of Justice, and federal agencies who are working on or contributing to this Litigation.

23. <u>Counsel</u>. "Counsel," without another qualifier, means Outside Counsel, In- House Counsel, and United States Counsel.

24. <u>Expert</u>. "Expert" means an expert and/or consultant formally retained and/or employed to advise or to assist Counsel in the preparation and/or trial of this Litigation, and their staff to whom it is reasonably necessary to disclose material that is designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" for the purpose of this Litigation.

25. <u>Litigation</u>. This "Litigation" means this proceeding, captioned as *United States of America v. Walmart Inc. and Wal-Mart Stores East, LP*, C.A. No. 20-1744-CFC.

### III. HIPAA-Protected Information

26. Discovery in this Litigation may involve production of "Protected Health Information" as that term is defined and set forth in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 for which special protection from public disclosure is warranted.

27. Protected Health Information shall encompass information within the scope and definition set forth in 45 C.F.R. § 160.103 that is provided to the Parties by a covered entity as defined by 45 C.F.R. § 160.103 ("Covered Entities") or by a business associate of a Covered Entity as defined by 45 C.F.R. § 160.103 ("Business Associate") in the course of this Litigation or as obtained as part of a law enforcement investigation from such a Covered Entity, medical board, or health care provider or practitioner, as well as information covered by the privacy laws of any individual states, as applicable.

28. Any Party that produces Protected Health Information in this Litigation shall designate such material "Highly Confidential – Protected Health Information" as provided in Section III, *infra*. Information that is designated "Highly Confidential – Protected Health Information" shall be treated as Highly Confidential Information under the terms of this Order.

29. Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of

information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated in herein. Further, pursuant to 45 C.F.R. § 164.512(d)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to the Department of Justice in its capacity as a health oversight agency. Further, all entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated in herein.

30.     In the absence of written permission from the Producing Party or an order of the Court, any information designated as "Highly Confidential – Protected Health Information" in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents may only be disclosed to the persons in Paragraph 43(a)–(k) below. The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of these proceedings before it and the failure to make the disclosure would be contrary to public interest or to the detriment of one or more parties to the case.

31.     Nothing in this Order authorizes the Parties to obtain Protected Health Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

## IV.     Designation of Protected Material

32.     For each document produced by the Producing Party that contains or constitutes Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information, each page shall be marked "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Protected Health Information," or comparable notices.

33.     To the extent that materials stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) are produced in such form and contain Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information, the Producing Party may designate such materials contained within that media by a designation on the media of "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Protected Health Information," or comparable notices. Whenever any Receiving Party reduces such material to hardcopy form,

that Receiving Party shall mark the hardcopy form with the corresponding

"Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes

Only," or "Highly Confidential – Protected Health Information," designation.

34.    Specific discovery responses produced by the Producing Party that

contain Confidential Information, Highly Confidential Information, Highly

Confidential – Attorneys' Eyes Only Information, or Protected Health Information,

shall, if appropriate, be designated by marking the pages of the document that

contain such information with the notation "Confidential," "Highly Confidential,"

"Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential –

Protected Health Information," or comparable notices.

35.    Information disclosed through testimony at a deposition taken in

connection with this Litigation that contains Confidential Information, Highly

Confidential Information, Highly Confidential – Attorneys' Eyes Only

Information, or Protected Health Information may be designated in a letter to be

served on the court reporter and opposing counsel within thirty (30) days of the

Producing Party's receipt of the certified transcript of a deposition that designates

the transcript or portions of the transcript  "Confidential," "Highly Confidential,"

"Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential –

Protected Health Information." The court reporter will indicate the transcript or

portions of the transcript designated by including the notation "Confidential,"

"Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the thirty (30) day period as "Highly Confidential – Subject to Further Confidentiality Review." Such transcripts will be treated as Highly Confidential Information until the expiration of the thirty (30) day period. If the Producing Party does not serve a designation letter within the thirty (30) day period, then the entire transcript will be deemed not to contain Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information, and the "Highly Confidential – Subject to Further Confidentiality Review" legend shall be removed.

36.    In accordance with this Protective Order, only the persons identified under Paragraphs 43–46, below, along with the witness and the witness's counsel may be present if any questions regarding Protected Material are asked. This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

37. A Party in this Litigation may designate as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," any document, material, or other information produced by, or testimony given by, any other person or entity that the Designating Party reasonably believes qualifies as the Designating Party's Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information pursuant to this Protective Order. The Party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a third party shall treat such information as Highly Confidential during this thirty (30) day period while all Parties have an opportunity to review the information and determine whether it should be designated under the Protective Order. Any Party designating third-party information as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," shall have the same rights as a Producing Party under this Protective Order with respect to such information.

38. This Protective Order shall not be construed to protect from production any document, or to permit the "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only," designation of any document,

that (1) is properly in the public domain; (2) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Litigation through trial or otherwise; or (3) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

## V.      Redaction of Protected Information

39.      In order to protect against unauthorized disclosure of Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and Protected Health Information, a Producing Party may redact certain such information from produced documents, materials or other things. The basis for any such redaction shall be stated in the redaction field of the metadata produced, or in the event that such metadata is not technologically feasible, a log of the redactions. Specifically, the Producing Party may redact:

(i)      Personal Identifying Information. The names, home addresses, personal email addresses, date of birth, home or personal cellular telephone numbers, Social Security or tax identification numbers, passport information, and other private information of (1) current and former employees (other than employees' names and business contact information), (2) individuals in clinical

studies or adverse event reports whose identity is protected by law, (3) undercover law enforcement personnel, law enforcement sources of information and confidential informants, (4) non-pharmacy customers of a Producing Party, (5) patients whose medical information is in the possession of a Producing Party but does not constitute Protected Health Information, and (6) patient identified information that is protected by 42 C.F.R. §§ 2.12, 2.66 and associated regulations.

(ii)     Privileged Information. Information protected by statute or regulation from disclosure or subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, executive privileges, or any other privilege, immunity, or protection from production or disclosure ("Privileged Information").

(iii)     Third Party Confidential Information. If agreed to by the Parties or ordered by the Court under Paragraph 87, information that is protected pursuant to confidentiality agreements between Designating Parties and Third Parties, as long as the agreements require Designating Parties to redact such information in order to produce such documents in litigation.

(iv)     Protected Health Information. To limit the disclosure of Protected Health Information and for the protection of patients, the Parties may de-identify Protected Health Information in Discovery Material using the means provided for in 45 C.F.R. § 160.103, including redacting individual identifiers

(e.g., the identifiers listed in §164.514(b)(2)) or using a unique identifier with respect to individual patients so as to de-identify the patient's personal information. The fact of redacting or withholding does not create a presumption that the redaction or withholding is valid, and Receiving Parties can challenge redactions after providing notice and meeting and conferring with the Producing Party.

40.　　With regard to redactions of Protected Health Information, when the Receiving Party identifies a need for unredacted or re-identified Protected Health Information, the Receiving Party shall notify the Producing Party in writing of its request, identifying the specific information it is seeking. The Receiving Party may request categories of unredacted or re-identified Protected Health Information (for example, Protected Health Information contained in dispensing data for an entire state or states or for nationwide dispensing data for a list of prescribers) and will make reasonable efforts to limit such request to the minimum necessary to accomplish the intended purpose. The Producing Party must review the request and respond in writing or in a meet and confer process within fourteen (14) days of notification by the Receiving Party. The Producing Party shall produce such information to the Receiving Party unless disclosure of such information is subject to a claim of privilege, barred on other legal grounds, or goes beyond that necessary to accomplish the intended purpose. If the Producing Party declines to

produce such information, the Receiving Party shall have fourteen (14) days from such notification to commence a discovery dispute.

41. <u>Non-Responsive Protected Material</u>. The Parties agree to meet and confer at a later date and as needed regarding the redaction of segregable, non-responsive Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and Protected Health Information. Nothing in this section shall restrict the Receiving Party's right and ability to request information about such redactions or to challenge any such redactions with this court; nor does this section restrict the Producing Party's right to object to or otherwise seek protection from the Court concerning any such request.

## VI.   Access to Protected Information

42. <u>General</u>. The Receiving Party and Counsel for the Receiving Party shall not disclose or permit the disclosure of any material designated "Confidential," "Highly Confidential," "Highly Confidential – Protected Health Information," or "Highly Confidential – Attorneys' Eyes Only" to any third person or entity except as set forth in Paragraphs 43–46.

43. In the absence of written permission from the Producing Party or an order of the Court, any Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this

Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a. Outside Counsel, United States Counsel, and the attorneys, paralegals, contractors, support staff, stenographic, and clerical staff employed by or working with such Counsel and working on this Litigation;

b. Contractors, vendors or service providers retained by a Party to assist a Party in this Litigation, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c. Videographers, stenographic employees, and court reporters recording or transcribing testimony in this Litigation;

d. The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

e. Any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court; or

f. Experts and Consultants, provided that the recipient agrees to be bound by this Protective Order and completes the certification

contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

g.  Any individual(s) who authored, prepared, or previously reviewed or received the information;

h.  Witnesses during deposition, who may be shown, but shall not be permitted to retain the information

i.  In-House Counsel, and the attorneys, paralegals, contractors, support staff, stenographic, and clerical staff employed by such Counsel and working on this Litigation;

j.  Current officers, directors, and employees of the Parties with whom that Party has a good faith basis to believe sharing is necessary for purposes of this Litigation;

k.  Former officers, directors, and employees of the Parties, with whom that Party has a good faith basis to believe sharing is necessary for purposes of this Litigation, and provided such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

l.  Liability insurance companies from which Walmart has sought or may seek insurance coverage.

44.     In the absence of written permission from the Producing Party or an order of the Court, any Highly Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents may only be disclosed to the persons in Paragraph 43(a)–(k) above.

45.     In the absence of written permission from the Producing Party or an order of the Court, any Highly Confidential – Attorneys' Eyes Only Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and may only be disclosed to the persons in Paragraph 43(a)–(i), above.

46.     <u>Disclosures to Agencies or Departments of the United States</u>. Nothing in this Protective Order (including paragraphs 43–45 and 62–63) shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this case, including those designated as "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only" under this Protective Order, that relates to a potential violation of law or regulation, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any information provided in this Litigation, including Confidential Information, Highly Confidential Information, or

Attorneys' Eyes Only Information by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation; provided, however, that the agency or department shall be advised of the terms of this Protective Order and maintain the confidentiality of that information in a manner consistent with the terms of this Protective Order. However, information designated as "Highly Confidential – Protected Health Information" may not be used for any purpose other than this Litigation and may not be disclosed under this provision.

47.     Notwithstanding any other provision, the Parties shall not use or disclose information designated as "Highly Confidential – Protected Health Information" for any purpose other than this Litigation.

## VII.   Confidentiality Acknowledgment

48.     Each person required under this Order to complete the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, shall be provided with a copy of this Protective Order, which he or she shall read, and, upon reading this Protective Order, shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. These Acknowledgments are strictly confidential. Unless otherwise provided in this Order, Counsel for each Party shall maintain the Acknowledgments without giving copies to the other side. The Parties

expressly agree, and it is hereby ordered that, except in the event of a violation of this Protective Order, there will be no attempt to seek copies of the Acknowledgments or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be pursuant to separate court order. Persons who come into contact with materials that are designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements, but must comply with the terms of this Protective Order.

## VIII. Litigation Experts and Consultants.

49. <u>Experts and Consultants</u>. Subject to the provisions of this Protective Order, materials that are designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" may be disclosed to any expert or consultant who has agreed in writing pursuant to Paragraph 43 or on the record of a deposition to be bound by this Protective Order.

## IX. Protection and Use of Protected Materials

50.     Persons receiving or having knowledge of information that is designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" by virtue of their participation in this Litigation, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Protective Order, shall use that information only as permitted by this Protective Order. Counsel shall take reasonable steps to assure the security of any such information and will limit access to such material to those persons authorized by this Protective Order.

51.     Nothing herein shall restrict a person qualified to receive Confidential Information, Highly Confidential Information, Protected Health Information, and Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order from making working copies, abstracts, digests and analyses of such information for use in connection with this Litigation or a potential violation of law or regulation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Litigation, provided that access to

such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order.

52.    All persons qualified to receive Confidential Information, Highly Confidential Information, Protected Health Information, and Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order shall at all times keep all notes, abstractions, or other work product derived from or containing that information in a manner to protect it from disclosure not in accordance with this Protective Order, and shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other thing, or portions thereof (and the information contained therein) are returned and surrendered pursuant to Paragraphs 59 and 60. Nothing in this Protective Order requires the Receiving Party's Counsel to disclose work product at the conclusion of the case.

53.    Notwithstanding any other provisions hereof, nothing herein shall restrict any Party's Counsel from rendering advice to that Counsel's clients with respect to this proceeding and, in the course thereof, relying upon such information, provided that in rendering such advice Counsel shall not disclose any other Party's Protected Material other than in a manner provided for in this Protective Order.

54. Nothing contained in this Protective Order shall prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing.

55. Nothing contained in this Protective Order shall preclude any Party from using or disclosing its own Confidential Information, Highly Confidential Information, Protected Health Information, or Highly Confidential – Attorneys' Eyes Only Information in any manner it sees fit, without prior consent of any Party or the Court.

56. To the extent that a Designating Party uses or discloses to a third party its Protected Information in a manner that causes the information to lose its confidential status, the Receiving Party is entitled to notice of the Designating Party's use of the Protected Information in such a manner that the information has lost its confidentiality, and the Receiving Party may also use the information in the same manner as the Designating Party.

57. If a Receiving Party learns of any unauthorized disclosure of material designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information,"

it shall immediately (1) inform the Designating Party in writing of all pertinent facts relating to such disclosure; (2) make its best effort to retrieve all copies of the Protected Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (4) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

58.     Unless otherwise agreed to or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal of this Litigation.

59.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, or such other time as the Producing Party may agree in writing, the Receiving Party, and any other person or entity in possession of materials designated as "Highly Confidential – Protected Health Information" under this Order, shall destroy or return to the Covered Entity or Business Associate all such materials, and shall certify to the Producing Party that it has returned or destroyed all such materials.

60.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal of this Litigation, or such other time as the Producing Party may agree in writing, the Receiving Party shall certify to the Producing Party that it has destroyed or returned all materials designated as "Confidential," "Highly

Confidential," or "Highly Confidential – Attorneys' Eyes Only," under this Protective Order unless the document has been offered into evidence or filed without restriction as to disclosure.

61. Notwithstanding the above requirements to return or destroy Protected Information, United States Counsel and Outside Counsel may retain (1) any materials required to be retained by law or ethical rules, (2) one copy of their work file and work product, and (3) one complete set of all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained materials designated as "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only" shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that the attorney's use does not disclose or use Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information.

## X. Changes in Designation of Information

62. If a Party produces any Investigation or Discovery Material containing Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written

notice to the Receiving Party that the document or thing produced is deemed "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," and should be treated as such in accordance with the provisions of this Protective Order for purposes of this Litigation, and provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. The Parties agree that this provision does not require the Plaintiff to destroy or redesignate materials that it maintains for internal use. The Parties further agree that if materials produced during the Investigation are designated in accordance with this Protective Order, the designated versions will be used in this Litigation.

63. <u>Redesignation</u>. Any Producing Party may redesignate or withdraw a designation from any previously designated Investigation and Discovery Material produced in this Litigation, including materials that were deemed designated due to their prior production and designation in MDL 2804 or any other opioid litigation or investigation. Such redesignation shall be accomplished by the Producing Party

giving written notice to the Receiving Party that the document or thing produced is

redesignated "Confidential," "Highly Confidential," "Highly Confidential –

Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information,"

and should be treated as such in accordance with the provisions of this Protective

Order for purposes of this Litigation, and provide replacement media, images, and

any associated production information to conform the document to the appropriate

designation and facilitate use of the revised designation in the production. The

Receiving Party must treat such documents and things with the noticed level of

protection from the date such notice is received. Disclosure, prior to the receipt of

such notice of such information, to persons not authorized to receive such

information shall not be deemed a violation of this Protective Order. The Parties

agree that this provision does not require the Plaintiff to destroy or redesignate

materials that it maintains for internal use. The Parties further agree that if

materials produced during the Investigation are designated in accordance with this

Protective Order, the designated versions will be used in this Litigation.

  64.  <u>Challenging a Designation</u>. A Receiving Party may challenge the

confidentiality designation of any Investigation and Discovery Material produced

in this Litigation, including materials that were deemed designated due to their

prior production and designation in MDL 2804 or any other opioid litigation or

investigation. A Receiving Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If the Receiving Party believes that portion(s) of a document are not properly designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," the Receiving Party will identify the specific information that it believes is not properly designated and notify the Designating Party in writing of its good faith belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and respond in writing or in a meet and confer process, within fourteen (14) days of notification by the Receiving Party. If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, it shall notify the Designating Party, and the Receiving Party shall have fourteen (14) days from such notification to challenge the designation by commencing a discovery dispute. The ultimate burden of persuasion in any such challenge shall be on the Designating Party as if the Designating Party were seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c) in the first instance. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that a designation is changed by the Designating Party or by Court Order, the Designating Party shall

provide replacement media, images, and associated production information as provided above.

65. With respect to Investigation or Discovery Material that was previously produced and designated in MDL 2804 or any other opioid related litigation and investigation, if a designation is changed by the Producing Party or by Court Order in this Litigation, such redesignation applies only for purposes of this Litigation.

## XI. Inadvertent Production of Documents

66. <u>Non-Waiver of Privilege</u>. The Parties agree that they do not intend to disclose Privileged Information. If, nevertheless, a Producing Party discloses Privileged Information during either the Investigation or Litigation, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing under Federal Rule of Evidence 502(b) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that Producing Party. More specifically, the disclosure of Privileged Information, as described above, during either the Investigation or Litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of

documents as it deems appropriate. This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

67. <u>Notice of Production of Privileged Information</u>. If a Party discovers that it has produced Privileged Information, it shall promptly notify the Receiving Party of the production in writing, shall identify the produced Privileged Information by Bates range where possible, and may demand that the Receiving Party return or destroy the Privileged Information. In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Producing Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Producing Party in writing that the Receiving Party possesses potentially Privileged Information. The Producing Party shall have fourteen (14) days to assert privilege over the identified information. If the Producing Party does not assert a claim of privilege within the fourteen (14) day period, the information in question shall be deemed non-privileged. The Receiving Party shall not be in breach of this Order for any use made of such potentially Privileged Information before the Receiving Party is informed of the inadvertent production.

68. <u>Recall of Privileged Information.</u> If the Producing Party has notified the Receiving Party of production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by the Receiving Party,

the Receiving Party shall within fourteen (14) days of receiving such notification or confirmation: (1) take reasonable measures to destroy or return to the Producing Party all copies or versions of the produced Privileged Information requested to be returned or destroyed; (2) delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information; (3) ensure that produced Privileged Information is not disclosed in any manner to any Party or third party; and (4) confirm in writing that it has destroyed or returned all copies received that were requested to be recalled. If data or information has been extracted from any Discovery Materials that are subsequently Privileged Information, the information and/or data will be expunged or not used.

The following procedures shall be followed to ensure all copies of such ESI are appropriately removed from the Receiving Party's system:

a. Locate each recalled document in the document review/production database and delete the record from the database;

b. If there is a native file link to the recalled document, remove the native file from the network path;

c. If the database has an image load file, locate the document image(s) loaded into the viewing software and delete the image file(s) corresponding to the recalled documents. Remove the

line(s) corresponding to the document image(s) from the image load file;

d.  Apply the same process to any additional copies of the document or database, where possible;

e.  Locate and destroy all other copies of the document, whether in electronic or hardcopy form. To the extent that copies of the document are contained on write-protected media, such as CDs or DVDs, these media shall be discarded, with the exception of production media received from the Producing Party, which shall be treated as described herein; and

f.  If the document was produced in a write-protected format, the Party seeking to recall the document shall, at its election, either (1) provide a replacement copy of the relevant production from which the document has been removed, in which case the Receiving Party shall discard the original production media; or (2) allow the Receiving Party to retain the original production media, in which case the Receiving Party shall take steps to ensure that the recalled document will not be used.

The measures identified in (a)–(f) of this paragraph do not apply to backup tapes or other inaccessible media. However, nothing in this Order shall preclude a

Producing Party from seeking additional assurances or curative measures regarding inadvertently produced privileged or protected materials as needed and proportional to the scope of the inadvertent disclosure.

69.     Notwithstanding the above, the Receiving Party may segregate and retain one copy of the clawed back information solely for the purpose of disputing the claim of privilege. The Receiving Party shall not use any produced Privileged Information in connection with this Litigation or for any other purpose other than to dispute the claim of privilege. The Receiving Party may file a motion disputing the claim of privilege and seeking an order compelling production of the material at issue; the Producing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege. The Producing Party bears the burden of establishing the privileged or protected nature of any Privileged Information.

70.     Within fourteen (14) days of the notification that such Privileged Information has been returned, destroyed, sequestered, or deleted ("Clawed-Back Information"), the Producing Party shall produce a privilege log with respect to the Clawed-Back Information. Within fourteen (14) days after receiving the Producing Party's privilege log (prepared pursuant to agreement between the Parties regarding the nature and scope of such log) with respect to such Clawed-Back Information, a Receiving Party may notify the Producing Party in writing of an

objection to a claim of privilege or work-product protection with respect to the Clawed-Back Information. Within fourteen (14) days of the receipt of such notification, the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disagreement concerning the Producing Party's privilege or work-product claim with respect to such Clawed-Back Information. The parties may stipulate to extend the time periods set forth in this paragraph.

71.     If, for any reason, the Producing Party and Receiving Party (or parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Receiving Party may request a conference with the Court. The Producing Party bears the burden of establishing the privileged or protected nature of any Privileged Information.

72.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an in-camera review of any Privileged Information.

73.     In the event any prior order or agreement between the Parties and/or between the Parties and a third party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control.

74. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

## XII. Filing and Use of Protected Material

75. Filing of Protected Material shall be done in accordance with District of Delaware Local Rule 5.1.3.

76. A Party that intends to present materials designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information" at a hearing shall bring that issue to the Court's and Parties' attention without disclosing the Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information. The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information at the hearing.

77. The use of any Confidential Information, Highly Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Protected Health Information at trial shall be governed by a separate stipulation and/or court order.

## XIII. Confidential Information or Highly Confidential Information Requested by Third Party; Procedure Following Request.

78. If any person in receipt of Investigative or Discovery Material covered by this Protective Order (the "Receiver") is served with a subpoena, a request for information (including a *Touhy* request), Congressional request or subpoena, or any other form of legal process that purports to compel disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information covered by this Protective Order ("Request"), the Receiver must so notify the Designating Party, in writing within twenty-one days (21) days after receiving the Request and may not produce any Protected Materials in response to such request until fourteen (14) days after such notice has been provided. Such notification must include a copy of the Request. This paragraph does not apply to Public Disclosure Laws, which are discussed below.

79. The Receiver also must, within fourteen (14) days, inform the party who made the Request ("Requesting Party") in writing that some or all the requested material is the subject of this Protective Order. In addition, the Receiver must deliver a copy of this Protective Order promptly to the Requesting Party. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information. The

obligations set forth in this paragraph remain in effect while the Receiver has in its possession, custody or control Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information by the other Party in this Litigation. If the Designating Party seeks a protective order, it shall promptly notify the Receiving Party of its effort to do so, and the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order.

80.     Materials that have been designated as "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," shall not be provided or disclosed by a Receiving Party to any third party in response to a request under any public records act, including the Freedom of Information Act, 5 U.S.C. § 552, or any similar federal, state or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to this Protective Order. If a Party to this Litigation receives such a request, it shall (1) provide a copy of this Protective Order to the Requesting Party and inform it that the requested materials are exempt from disclosure and that the Party is barred by this Protective Order from disclosing them, and (2) promptly inform the Designating Party that has produced the requested material that the request has been made, identifying the name of the Requesting Party and the particular materials sought. If the Designating Party

seeks a protective order, the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order. The provisions of this section shall apply to any entity in receipt of Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information, governed by this Protective Order.

81.     Nothing in this Protective Order shall be deemed to (1) foreclose any Party from arguing that Discovery Material is not a public record for purposes of the Public Disclosure Laws; (2) prevent any Party from claiming any applicable exemption to the Public Disclosure Laws; or (3) limit any arguments that a Party may make as to why Discovery Material is exempt from disclosure.

**XIV.  Information Subject to Existing Obligation of Confidentiality Independent of this Protective Order.**

82.     In the event that a Party is required by a valid discovery request to produce any information held by it subject to an contractual or legal obligation of confidentiality in favor of a third party, the Party shall, promptly upon recognizing that such third party's rights are implicated, provide the third party with a copy of this Protective Order and (1) inform the third party in writing of the Party's obligation to produce such information in connection with this Litigation and of its intention to do so, subject to the protections of this Protective Order; (2) inform the third party in writing of the third party's right within fourteen (14) days to seek further protection or other relief from the Court if, in good faith, it believes such

information to be confidential under the said obligation and either objects to the Party's production of such information or regards the provisions of this Protective Order to be inadequate; and (3) seek the third party's consent to such disclosure if that third party does not plan to object. Thereafter, the Party shall refrain from producing such information for a period of fourteen (14) days in order to permit the third party an opportunity to seek relief from the Court, unless the third party earlier consents to disclosure. If the third party fails to seek such relief, the Party shall promptly produce the information in question subject to the protections of this Protective Order, or alternatively, shall promptly seek to be relieved of this obligation or for clarification of this obligation by the Court. This paragraph does not apply to Protected Health Information, which is authorized to be disclosed by a Producing Party without notice by the relevant statutes and the terms of this Order.

## XV. Miscellaneous Provisions

83.     Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

84.     Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

85.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective Order, and in the event the Producing Party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the Producing Party possesses an adequate remedy at law.

86.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.

87.     This Protective Order may be amended without leave of the Court by agreement of the Parties in the form of a written stipulation filed with the Court. The Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this Litigation.

88.     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as "Confidential," "Highly Confidential," "Highly

Confidential – Attorneys' Eyes Only," or "Highly Confidential – Protected Health Information," by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

*/s/ Kelly E. Farnan*
Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

*Attorneys for Walmart Inc. and Wal-Mart Stores East, LP*

OF COUNSEL:

Yaakov M. Roth
William G. Laxton, Jr.
Jeffrey R. Johnson
Kristen A. Lejnieks
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939
yroth@jonesday.com
wglaxton@jonesday.com
jeffreyjohnson@jonesday.com
klejnieks@jonesday.com

DAVID C. WEISS
United States Attorney for the
District of Delaware

*/s/ Laura D. Hatcher*
LAURA D. HATCHER
DYLAN STEINBERG
Assistant United States Attorneys
1313 N. Market Street
Wilmington, DE 19801
laura.hatcher@usdoj.gov
dylan.steinberg@usdoj.gov
302-573-6277

ADAM E. LYONS
Assistant Director
JOSHUA FOWKES
Trial Attorney
Admitted pro hac vice
U.S. Department of Justice
Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
adam.e.lyons@usdoj.gov
joshua.a.fowkes@usdoj.gov
202-307-0066

Karen P. Hewitt
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
(858) 314-1200
kphewitt@jonesday.com

Jason S. Varnado
Andrew J. Junker
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2172
(832) 239-3939
jvarnado@jonesday.com
ajunker@jonesday.com

Laura Jane Durfee
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215-2673
(614) 469-3939
ldurfee@jonesday.com

David W. Ogden
Charles C. Speth
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000
David.Ogden@wilmerhale.com
Charles.Speth@wilmerhale.com

Dated  November 17, 2022

KEVIN T. TRASKOS
AMANDA A. ROCQUE
Special Attorneys to the Attorney General
1801 California Street, Suite 1600
Denver, CO 80202
kevin.traskos@usdoj.gov
amanda.rocque@usdoj.gov
303-454-0100

KATHERINE M. HO
Special Attorney to the Attorney General
400 West Washington Street, Suite 3100
Orlando, FL 32801
katherine.ho@usdoj.gov
407-648-7500

*Attorneys for the United States of America*

_____ 11/18/22

The Honorable Colm F. Connolly
Chief United States District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1744-CFC |
| | ) | |
| WALMART INC. AND WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT A TO PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on _____, 2022 in *United States of America v. Walmart Inc. and Wal-Mart Stores East, LP* (the "Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

Date: _____

City and State where sworn and signed:_____

Printed Name:_____

Signature: _____