# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Jury Trial Demanded** |
| | ) | |
| **v.** | ) | **C.A. No. 1:20-cv-01744-CFC** |
| | ) | |
| **WALMART INC. AND WAL-MART STORES EAST, LP,** | ) | **REDACTED** |
| | ) | |
| | ) | **PUBLIC VERSION** |
| **Defendants.** | ) | |
| | ) | |

## WALMART INC. AND WAL-MART STORES EAST, LP'S
## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively, "Walmart"), by and through their undersigned counsel, file this Answer in response to the Government's Second Amended Complaint in *United States v. Walmart Inc. and Wal-Mart Stores East, LP*, Case No. 1:20-cv-01744-CFC (D. Del.), D.I. 109 ("Complaint").

Unless stated otherwise, Walmart denies each allegation contained in the Complaint. Walmart further denies all allegations to the extent the Government attributes any alleged actions, conduct, responsibilities, obligations, or liabilities to the incorrect entity or person (whether or not named as a defendant). Additionally, to the extent Walmart uses terms in its Answer that are defined in the Complaint,

1

such use is not an agreement to the Government's definition of such term. Walmart further denies that the Government is entitled to any relief.

The Complaint contains paragraphs that reference individuals by initials. Walmart's responses to such paragraphs incorporate the full names provided in the Government's February 5, 2024, correspondence to Walmart identifying these individuals.

Walmart reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

1.      Walmart denies that this action, as referenced in Paragraph 1, is justified, but admits that Plaintiff purports to bring this civil enforcement action against Walmart under the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("CSA"), 21 U.S.C. §§ 801 et seq.

2.      Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 2, including any characterizations of the referenced law.

3.      Walmart denies the allegations in Paragraph 3, except admits that (i) Walmart Inc. or its subsidiaries operate more than 5,000 pharmacies in the United States, including both Walmart-branded and Sam's Club-branded pharmacies ("Walmart Pharmacies"), and (ii) Wal-Mart Stores East, LP, distributed prescription controlled substances to Walmart Pharmacies until the spring of 2018.

2

4.      Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 4, including any characterizations of the referenced law.

5.      Walmart denies the allegations in Paragraph 5.

6.      Walmart denies that the Government is entitled to the relief requested in Paragraph 6.

7.      Walmart denies the allegations in Paragraph 7.

8.      Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 8, including any characterizations of the referenced law.

9.      Walmart denies the allegations in Paragraph 9.

10.      Walmart denies the allegations in Paragraph 10.

11.      Walmart denies the allegations in Paragraph 11 and refers to the referenced documents for a complete and accurate statement of their contents.

12.      Walmart denies the allegations in Paragraph 12.

13.      Walmart denies the allegations in Paragraph 13.

14.      Walmart denies the allegations in Paragraph 14 and refers to the referenced document for a complete and accurate statement of its contents.

15.      Walmart denies the allegations in Paragraph 15.

16.     Paragraph 16 relates to a claim that has been dismissed by the Court and therefore does not require a response.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 17, including any characterizations of the referenced law.

18–26.     Paragraphs 18 through 26 relate to a claim that has been dismissed by the Court and therefore do not require a response.

27.     Walmart denies the allegations in Paragraph 27.

28.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same. Walmart further refers to the document referenced in Paragraph 28 for a complete and accurate statement of its contents.

29.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same. Walmart further refers to the document referenced in Paragraph 29 for a complete and accurate statement of its contents.

30.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same. Walmart further refers to the documents referenced in Paragraph 30 for a complete and accurate statement of their contents.

31.    Walmart denies the allegations in Paragraph 31 and refers to the referenced document for a complete and accurate statement of its contents.

32.    Walmart denies the allegations in Paragraph 32.

33.    Walmart admits the allegations in Paragraph 33.

34.    Walmart admits the allegations in Paragraph 34.

35.    Walmart denies the allegations in Paragraph 35, except admits that Walmart Inc. or its subsidiaries operate more than 5,000 Walmart Pharmacies in the United States.

36.    Walmart denies the allegations in Paragraph 36, except admits that Wal-Mart Stores East, LP, distributed prescription controlled substances to Walmart Pharmacies until the spring of 2018.

37.    Walmart denies the allegations in Paragraph 37.

38.    Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 38, including any characterizations of the referenced law.

39.    Paragraph 39 of the Complaint sets forth a definitional statement to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 39.

40.    Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Walmart admits that it is not

currently aware of a reason or basis to dispute the Court's subject-matter jurisdiction over this action.

41.     Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Walmart admits that it is not currently aware of a reason or basis to dispute the Court's personal jurisdiction over Walmart in this action.

42.     Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Walmart admits that it is not currently aware of a reason or basis to dispute venue in this District Court.

43.     Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 43, including any characterizations of the referenced law, except admits that controlled substances are currently categorized in five schedules under the CSA.

44.     Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 44, including any characterizations of the referenced law, except admits that controlled substances in Schedules II through V have legitimate medical purposes.

45.     Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 45, including any characterizations of the referenced law, except admits that (i) the CSA currently categorizes certain substances as Schedule II controlled substances, and (ii) Schedule II controlled substances currently include oxycodone, hydrocodone, methadone, and amphetamine.

46.     Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 46, including any characterizations of the referenced law, except admits that (i) the CSA currently categorizes certain substances as Schedule III controlled substances, and (ii) Schedule III controlled substances currently include buprenorphine.

47.     Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 47, including any characterizations of the referenced law, except admits that (i) the CSA currently categorizes certain substances as Schedule IV controlled substances, and (ii) Schedule IV controlled substances currently include alprazolam, diazepam, lorazepam, carisoprodol, and zolpidem.

48.     Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in

7

Paragraph 48, including any characterizations of the referenced law, except admits that (i) the CSA currently categorizes certain substances as Schedule V controlled substances, and (ii) Schedule V controlled substances currently include certain dosages of promethazine-codeine.

49.     Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

50.     Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

51.     Walmart denies the allegations in Paragraph 51.

52.     Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 52, including any characterizations of the referenced law, except admits that Walmart Inc. or its subsidiaries have operated pharmacies where pharmacists dispensed prescription controlled substances.

53.     Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

8

54.     Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

58.     Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

59.     Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

61.     Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

62–76.     Paragraphs 62 through 76 relate to a claim that has been dismissed by the Court and therefore do not require a response.

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 77, including any characterizations of the referenced law.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

79.     Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies any characterizations of the referenced law.

81–89.     Paragraphs 81 through 89 relate to a claim that has been dismissed by the Court and therefore do not require a response.

90.     Walmart denies the allegations in Paragraph 90.

91.     Walmart denies the allegations in Paragraph 91, except admits that Health & Wellness includes pharmacy, optical and hearing services, and over-the-counter medications.

92.     Walmart denies the allegations in Paragraph 92, except admits that (i) Health & Wellness Compliance has been overseen by a Vice President; (ii) J.L., D.B., and G.H. have, at times, served as the Vice President of Health & Wellness Compliance; (iii) the practice compliance group in Health & Wellness Compliance ("Practice Compliance") has included personnel holding the positions of Senior Director, Director, and Senior Manager; (iv) G.C., R.I., M.J., T.K., D.M., B.N., C.R., and S.T. have, at times, served in Senior Director, Director, or Senior Manager positions in Practice Compliance; (v) Practice Compliance was involved with the development of internal policies and procedures applicable to pharmacists working at Walmart Pharmacies regarding, among other things, evaluating controlled-substance prescriptions and compliance with the CSA; (vi) pharmacy field leadership, such as Market Health & Wellness Directors and Regional Health & Wellness Directors, had responsibilities relating to Walmart Pharmacies located in assigned geographic regions; and (vii) Walmart Pharmacies were typically

11

staffed with a pharmacy manager who oversaw pharmacists and pharmacy technicians working at the pharmacy.

93.     Walmart denies the allegations in Paragraph 93, except admits that (i) in June 2014, B.N., S.T., and C.R. were promoted from Senior Managers to Directors within Practice Compliance, and (ii) B.N., S.T., and C.R., at times, had responsibilities relating to aspects of the dispensing operations of Walmart Pharmacies. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

94.     Walmart denies the allegations in Paragraph 94, except admits that (i) M.J. became the Director of Controlled Substances in October 2014; (ii) M.J., at times, had responsibilities relating to aspects of the dispensing operations of Walmart Pharmacies; and (iii) B.N., S.T., and C.R., at times, had responsibilities relating to aspects of the dispensing operations of Walmart Pharmacies.

95.     Walmart denies the allegations in Paragraph 95, except admits that Walmart entered into a memorandum of agreement with the DEA in March 2011 ("2011 MOA"). Walmart further refers to the referenced document for a complete and accurate statement of its contents.

96.     Walmart denies the allegations in Paragraph 96, except admits that the 2011 MOA took effect in March 2011, and remained in effect for four years from

the effective date. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

97.    Walmart admits the allegations in Paragraph 97 and refers to the referenced document for a complete and accurate statement of its contents.

98.    Walmart denies the allegations in Paragraph 98, except admits (i) the allegations in the first sentence and (ii) that certain Practice Compliance personnel had responsibilities relating to aspects of the refusal-to-fill ("RTF") process. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

99.    Walmart denies the allegations in Paragraph 99, except admits that certain Practice Compliance personnel had responsibilities relating to the development of internal policies and procedures applicable to pharmacists working at Walmart Pharmacies regarding, among other things, evaluating controlled-substance prescriptions and compliance with the CSA.

100.    Walmart denies the allegations in Paragraph 100 and refers to the referenced document for a complete and accurate statement of its contents.

101.    Walmart denies the allegations in Paragraph 101, except admits that, in July 2012, Walmart implemented a policy requiring pharmacists working at Walmart Pharmacies to check their state's prescription drug monitoring program before filling prescriptions for immediate-release oxycodone 30mg.

13

102.   Walmart denies the allegations in Paragraph 102 and refers to the referenced document for a complete and accurate statement of its contents.

103.   Walmart denies the allegations in Paragraph 103 and refers to the referenced document for a complete and accurate statement of its contents.

104.   Walmart denies the allegations in Paragraph 104.

105.   Walmart denies the allegations in Paragraph 105, except admits that (i) policies applicable to Walmart Pharmacies were, at times, collected in Pharmacy Operations Manuals ("POM"), including POM 1311, and (ii) POM 1311 was titled "Proper Prescriber-Patient Relationship" from 2009 until 2015. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

106.   Walmart denies the allegations in Paragraph 106 and refers to the referenced document for a complete and accurate statement of its contents.

107.   Walmart denies the allegations in Paragraph 107, except admits that (i) internal Walmart policies, starting with the 2009 version of POM 1311 ("POM 1311 (2009)"), contained guidance for pharmacists working at Walmart Pharmacies regarding refusals to fill prescriptions, and (ii) for a period of time following the start of the 2011 MOA, pharmacists working at Walmart Pharmacies notified Practice Compliance of RTFs by completing a webform that included fields for the pharmacist to input information about the prescriptions. Walmart

further refers to the referenced documents for a complete and accurate statement of their contents.

108.   Walmart denies the allegations in Paragraph 108, except admits that (i) RTF forms completed by pharmacists working at Walmart Pharmacies were available to Practice Compliance personnel, and (ii) B.N. and M.J. had access to RTF forms and responsibilities relating to aspects of the RTF process. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

109.   Walmart denies the allegations in Paragraph 109 and refers to the referenced document for a complete and accurate statement of its contents.

110.   Walmart denies the allegations in Paragraph 110 and refers to the referenced document for a complete and accurate statement of its contents.

111.   Walmart denies the allegations in Paragraph 111 and refers to the referenced documents for a complete and accurate statement of their contents.

112.   Walmart denies the allegations in Paragraph 112 and refers to the referenced document for a complete and accurate statement of its contents.

113.   Walmart denies the allegations in Paragraph 113 and refers to the referenced document for a complete and accurate statement of its contents.

114.   Walmart denies the allegations in Paragraph 114 and refers to the referenced document for a complete and accurate statement of its contents.

115.   Walmart denies the allegations in Paragraph 115 and refers to the referenced document for a complete and accurate statement of its contents.

116.   Walmart denies the allegations in Paragraph 116 and refers to the referenced document for a complete and accurate statement of its contents.

117.   Walmart denies the allegations in Paragraph 117 and incorporates its responses to Paragraphs 177 through 179 and Paragraphs 198 through 206 as if fully set forth in this response.

118.   Walmart denies the allegations in Paragraph 118, except admits that certain POMs were updated after October 2014. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

119.   Walmart denies the allegations in Paragraph 119, except admits that POM 1311 was updated in July 2015 ("POM 1311 (2015)") and renamed "Proper Prescriber-Patient Relationship/Corresponding Responsibility." Walmart further refers to the referenced document for a complete and accurate statement of its contents.

120.   Walmart denies the allegations in Paragraph 120, except admits that POM 1311 (2015) contained guidance for pharmacists working at Walmart Pharmacies regarding, among other things, evaluating controlled-substance prescriptions. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

121.   Walmart denies the allegations in Paragraph 121, except admits that POM 1311 (2015) contained guidance for pharmacists working at Walmart Pharmacies regarding, among other things, evaluating controlled-substance prescriptions, inputting information relating to such prescriptions in ConnexUs, and submitting RTF forms. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

122.   Walmart denies the allegations in Paragraph 122, except admits that POM 1311 (2015) did not contain language prohibiting "blanket refusals to fill" ("BRTF"). Walmart further refers to the referenced document for a complete and accurate statement of its contents.

123.   Walmart denies the allegations in Paragraph 123, except admits that (i) Walmart transitioned its RTF process to the Archer platform in July 2015, and (ii) the Archer platform allowed pharmacists working at Walmart Pharmacies to search and view certain information relating to refusals to fill. Walmart further incorporates its responses to Paragraphs 198 through 206 as if fully set forth in this response.

124.   Walmart denies the allegations in Paragraph 124, except admits that DEA agents executed a search warrant at a Walmart pharmacy located in Texas on December 7, 2016. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

125.   Walmart denies the allegations in Paragraph 125.

126.   Walmart denies the allegations in Paragraph 126, except admits that, in January 2017, J.L. sent to certain colleagues a list titled "Accelerated Controlled Substance Efforts." Walmart further refers to the referenced document for a complete and accurate statement of its contents.

127.   Walmart denies the allegations in Paragraph 127, except admits that, on January 6, 2017, the "Leadership Weekly" bulletin referenced the process for blocking prescribers' controlled-substance prescriptions. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

128.   Walmart denies the allegations in Paragraph 128, except admits that Walmart instituted a corporate block on January 16, 2017, prohibiting all pharmacists working at Walmart Pharmacies from filling controlled-substance prescriptions written by F.B. Walmart further refers to the referenced document for a complete and accurate statement of its contents and incorporates its responses to Paragraphs 245 through 254 as if fully set forth in this response.

129.   Walmart denies the allegations in Paragraph 129 and refers to the referenced document for a complete and accurate statement of its contents.

130.   Walmart denies the allegations in Paragraph 130 and refers to the referenced document for a complete and accurate statement of its contents.

131.   Walmart denies the allegations in Paragraph 131, except admits that (i) as of February 2017 the RTF form in Archer included a drop-down menu of pre-populated reasons for refusing to fill a prescription, and (ii) pharmacists working at Walmart Pharmacies had the ability to provide additional details to Practice Compliance regarding decisions to refuse to fill prescriptions by telephone. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

132.   Walmart denies the allegations in Paragraph 132, except admits that (i) POM 1311 was updated in February 2017 ("POM 1311 (2017)"), and (ii) POM 1311 (2017) contained guidance for pharmacists working at Walmart Pharmacies regarding imposing BRTFs and submitting BRTF forms in Archer. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

133.   Walmart denies the allegations in Paragraph 133, except admits that (i) starting in February 2018, pharmacists working at Walmart Pharmacies were able to submit comments in Archer relating to BRTFs, and (ii) POM 1311 (2017) contained guidance for pharmacists working at Walmart Pharmacies regarding communicating BRTF decisions to other pharmacists. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

134.   Walmart denies the allegations in Paragraph 134, except admits that POM 1311 (2017) contained guidance for pharmacists working at Walmart Pharmacies regarding evaluating controlled-substance prescriptions. Walmart further refers to the referenced document for a complete and accurate statement of its contents and incorporates its response to Paragraph 120 as if fully set forth in this response.

135.   Walmart denies the allegations in Paragraph 135, except admits that POM 1311 (2017) contained guidance for pharmacists working at Walmart Pharmacies regarding evaluating controlled-substance prescriptions. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

136.   Walmart denies the allegations in Paragraph 136, except admits that, at a certain point, ConnexUs integrated the number of prior RTFs and BRTFs submitted for the prescriber who wrote the prescription.

137.   Walmart denies the allegations in Paragraph 137, except admits that, in June 2018, Walmart implemented various programs, POM updates, and new pharmacist training relating to controlled-substances prescriptions. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

138.   Walmart denies the allegations in Paragraph 138.

139.   Walmart denies the allegations in Paragraph 139 and refers to the referenced document for a complete and accurate statement of its contents.

140.   Walmart denies the allegations in Paragraph 140 and refers to the referenced documents for a complete and accurate statement of their contents.

141.   Walmart denies the allegations in Paragraph 141, except admits that, at times, Pharmacy Weekly Key Metrics reports containing store-specific metrics have been distributed to the staff at Walmart Pharmacies. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

142.   Walmart denies the allegation in Paragraph 142, except admits that Walmart, at times, adopted Pharmacy Facility Management Incentive Plans. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

143.   Walmart denies the allegations in Paragraph 143, except admits that Walmart conducted and received the result of surveys of associates working at Walmart Pharmacies in June 2012, July 2014, and October 2014. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

144.   Walmart denies the allegations in Paragraph 144 and refers to the referenced documents for a complete and accurate statement of their contents.

145.   Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 145, including any characterizations of the referenced law. Walmart further incorporates its response to Paragraph 60 as if fully set forth in this response.

146.   Walmart denies the allegations in Paragraph 146.

147.   Walmart denies the allegations in Paragraph 147.

148.   Walmart denies the allegations in Paragraph 148.

149.   Walmart denies the allegations in Paragraph 149.

150.   Walmart denies the allegations in Paragraph 150.

151.   Walmart denies the allegations in Paragraph 151 and refers to the referenced documents for a complete and accurate statement of their contents.

152.   Walmart denies the allegations in Paragraph 152.

153.   Walmart denies the allegations in Paragraph 153.

154.   Walmart denies the allegations in Paragraph 154, except admits that (i) B.N. and M.J., at times, held certain responsibilities relating to the RTF process; (ii) B.N., at times, reported to G.C., a Senior Director in Practice Compliance; (iii) certain Practice Compliance personnel, including B.N., had access to the mailbox that received RTF forms; and (iv) M.J. became the Director of Controlled Substances in October 2014.

22

155.   Walmart denies the allegations in Paragraph 155, except admits that Practice Compliance received hundreds of thousands of RTFs submitted by pharmacists working at Walmart Pharmacies from January 2012 onwards.

156.   Walmart denies the allegations in Paragraph 156 and refers to the referenced documents for a complete and accurate statement of their contents.

157.   Walmart denies the allegations in Paragraph 157 and incorporates its responses to Paragraphs 236 through 445 as if fully set forth in this response.

158.   Walmart denies the allegations in Paragraph 158.

159.   Walmart denies the allegations in Paragraph 159 and incorporates its responses to Paragraphs 243 through 244 as if fully set forth in this response.

160.   Walmart denies the allegations in Paragraph 160 and refers to the referenced documents for a complete and accurate statement of their contents.

161.   Walmart denies the allegations in Paragraph 161.

162.   Walmart denies the allegations in Paragraph 162.

163.   Walmart denies the allegations in Paragraph 163 and incorporates its response to Paragraph 120 as if fully set forth in this response.

164.   Walmart denies the allegations in Paragraph 164, except is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 164 and therefore denies the same.

Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

165.   Walmart denies the allegations in Paragraph 165, except is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 165 and therefore denies the same. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

166.   Walmart denies the allegations in Paragraph 166 and refers to the referenced documents for a complete and accurate statement of their contents.

167.   Walmart denies the allegations in Paragraph 167 and refers to the referenced document for a complete and accurate statement of its contents.

168.   Walmart denies the allegations in Paragraph 168 and refers to the referenced document for a complete and accurate statement of its contents.

169.   Walmart denies the allegations in Paragraph 169 and incorporates its response to Paragraph 106 as if fully set forth in this response.

170.   Walmart denies the allegations in Paragraph 170 and refers to the referenced document for a complete and accurate statement of its contents.

171.   Walmart denies the allegations in Paragraph 171.

172.   Walmart denies the allegations in Paragraph 172.

173.   Walmart denies the allegations in Paragraph 173 and refers to the referenced document for a complete and accurate statement of its contents.

174.   Walmart denies the allegations in Paragraph 174 and refers to the referenced document for a complete and accurate statement of its contents.

175.   Walmart denies the allegations in Paragraph 175 and refers to the referenced document for a complete and accurate statement of its contents.

176.   Walmart denies the allegations in Paragraph 176 and refers to the referenced document for a complete and accurate statement of its contents.

177.   Walmart denies the allegations in Paragraph 177, except admits that a workgroup with responsibilities relating to controlled substances was created in October 2013. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

178.   Walmart denies the allegations in Paragraph 178.

179.   Walmart denies the allegations in Paragraph 179.

180.   Walmart denies the allegations in Paragraph 180 and refers to the referenced document for a complete and accurate statement of its contents.

181.   Walmart denies the allegations in Paragraph 181 and refers to the referenced document for a complete and accurate statement of its contents.

182.   Walmart denies the allegations in Paragraph 182.

183.   Walmart denies the allegations in Paragraph 183 and incorporates its responses to Paragraphs 236 through 445 as if fully set forth in this response.

184.   Walmart denies the allegations in Paragraph 184 and incorporates its response to Paragraph 128 as if fully set forth in this response.

185.   Walmart denies the allegations in Paragraph 185 and refers to the referenced document for a complete and accurate statement of its contents.

186.   Walmart denies the allegations in Paragraph 186.

187.   Walmart denies the allegations in Paragraph 187, refers to the referenced documents for a complete and accurate statement of their contents, and incorporates its response to Paragraph 131 as if fully set forth in this response.

188.   Walmart denies the allegations in Paragraph 188 and refers to the referenced documents for a complete and accurate statement of their contents.

189.   Walmart denies the allegations in Paragraph 189, except admits that a comment field was added to BRTF forms in February 2018.

190.   Walmart denies the allegations in Paragraph 190 and refers to the referenced document for a complete and accurate statement of its contents.

191.   Walmart denies the allegations in Paragraph 191 and refers to the referenced document for a complete and accurate statement of its contents.

192.   Walmart denies the allegations in Paragraph 192 and refers to the referenced document for a complete and accurate statement of its contents.

193.   Walmart denies the allegations in Paragraph 193.

194.   Walmart denies the allegations in Paragraph 194 and incorporates its responses to Paragraphs 99 through 104 as if fully set forth in this response.

195.   Paragraph 195 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 195, including any characterizations of the referenced law.

196.   Walmart denies the allegations in Paragraph 196 and incorporates its responses to Paragraphs 173 through 183 as if fully set forth in this response.

197.   Walmart denies the allegations in Paragraph 197.

198.   Walmart denies the allegations in Paragraph 198, refers to the referenced document for a complete and accurate statement of its contents, and incorporates its responses to Paragraph 177 as if fully set forth in this response.

199.   Walmart denies the allegations in Paragraph 199, except admits that, at times, ConnexUs provided safety-related alerts to pharmacists working at Walmart Pharmacies.

200.   Walmart denies the allegations in Paragraph 200, except admits that, in July 2015, the RTF process was housed in Archer.

201.   Walmart denies the allegations in Paragraph 201 and refers to the referenced document for a complete and accurate statement of its contents.

202.   Walmart denies the allegations in Paragraph 202 and refers to the referenced document for a complete and accurate statement of its contents.

203.   Walmart denies the allegations in Paragraph 203 and refers to the referenced documents for a complete and accurate statement of their contents.

204.   Walmart denies the allegations in Paragraph 204 and refers to the referenced document for a complete and accurate statement of its contents.

205.   Walmart denies the allegations in Paragraph 205.

206.   Walmart denies the allegations in Paragraph 206 and refers to the referenced document for a complete and accurate statement of its contents.

207.   Walmart denies the allegations in Paragraph 207 and refers to the referenced document for a complete and accurate statement of its contents.

208.   Walmart denies the allegations in Paragraph 208.

209.   Walmart denies the allegations in Paragraph 209.

210.   Walmart denies the allegations in Paragraph 210, refers to the referenced document for a complete and accurate statement of its contents, and incorporates its responses to Paragraphs 113 through 116 as if fully set forth in this response.

211.   Walmart denies the allegations in Paragraph 211, except admits that POM 1311 (2011) contained guidance for pharmacists working at Walmart Pharmacies regarding imposing BRTFs and evaluating controlled-substance

28

prescriptions. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

212.   Walmart denies the allegations in Paragraph 212 and refers to the referenced documents for a complete and accurate statement of their contents.

213.   Walmart denies the allegations in Paragraph 213 and incorporates its responses to Paragraphs 473 and 540 as if fully set forth in this response.

214.   Walmart denies the allegations in Paragraph 214, except admits that (i) POM 1311 (2015) did not include an express prohibition of BRTFs, and (ii) POM 1311 (2015) instructed pharmacists working at Walmart Pharmacies to make an individual assessment of each prescription. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

215.   Walmart denies the allegations in Paragraph 215 and refers to the referenced document for a complete and accurate statement of its contents.

216.   Walmart denies the allegations in Paragraph 216, refers to the referenced document for a complete and accurate statement of its contents, and incorporates its response to Paragraph 177 as if fully set forth in this response.

217.   Walmart denies the allegations in Paragraph 217 and refers to the referenced documents for a complete and accurate statement of their contents.

218.   Walmart denies the allegations in Paragraph 218.

219.   Walmart denies the allegations in Paragraph 219 and refers to the referenced document for a complete and accurate statement of its contents.

220.   Walmart denies the allegations in Paragraph 220.

221.   Walmart denies the allegations in Paragraph 221.

222.   Walmart denies the allegations in Paragraph 222, refers to the referenced document for a complete and accurate statement of its contents, and incorporates its responses to Paragraphs 276 through 289 as if fully set forth in this response.

223.   Walmart denies the allegations in Paragraph 223 and refers to the referenced document for a complete and accurate statement of its contents.

224.   Walmart denies the allegations in Paragraph 224, except admits that (i) M.J. prepared a draft letter regarding Walmart's corporate block program in October 2016, and (ii) Walmart instituted a corporate block in January 2017. Walmart further refers to the referenced document for a complete and accurate statement of its contents and incorporates its responses to Paragraphs 127 and 128 as if fully set forth in this response.

225.   Walmart denies the allegations in Paragraph 225, except admits that (i) corporate blocks were instituted using an edit tied to a prescriber's DEA number and National Provider Identification number, and (ii) ConnexUs would provide a

notification whenever a pharmacist working at a Walmart Pharmacy inputted a controlled-substance prescription written by a corporately blocked prescriber.

226.   Walmart denies the allegations in Paragraph 226 and refers to the referenced document for a complete and accurate statement of its contents.

227.   Walmart denies the allegations in Paragraph 227.

228.   Walmart denies the allegations in Paragraph 228 and refers to the referenced documents for a complete and accurate statement of their contents.

229.   Walmart denies the allegations in Paragraph 229 and refers to the referenced document for a complete and accurate statement of its contents.

230.   Walmart denies the allegations in Paragraph 230 and refers to the referenced documents for a complete and accurate statement of their contents.

231.   Walmart denies the allegations in Paragraph 231 and refers to the referenced document for a complete and accurate statement of its contents.

232.   Walmart denies the allegations in Paragraph 232 and refers to the referenced document for a complete and accurate statement of its contents.

233.   Walmart denies the allegations in Paragraph 233 and refers to the referenced document for a complete and accurate statement of its contents.

234.   Walmart denies the allegations in Paragraph 234.

235.   Walmart denies the allegations in Paragraph 235.

236.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore denies the same, except admits that D.C. was a doctor who practiced in Wilmington and Newark, Delaware.

237.    Walmart denies the allegations in Paragraph 237, except admits that, in 2014 and 2015, a pharmacist working at Walmart Store 5436 in Wilmington, Delaware, refused to fill certain prescriptions written by D.C. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

238.    Walmart denies the allegations in Paragraph 238, except admits that, on May 19, 2016, M.J. sent a "Suspicious Order Report" to DEA regarding an order for oxycodone-acetaminophen 10/325mg placed by Store 3802 in Middletown, Delaware. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

239.    Walmart denies the allegations in Paragraph 239 and refers to the referenced document for a complete and accurate statement of its contents.

240.    Walmart denies the allegations in Paragraph 240.

241.    Walmart denies the allegations in Paragraph 241.

242.    Walmart denies the allegations in Paragraph 242.

243.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore denies the same, except admits that D.C. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

244.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and therefore denies the same, except admits that D.C. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

245.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore denies the same, except admits that F.B. was a doctor who practiced in Savannah, Georgia.

246.   Walmart denies the allegations in Paragraph 246, except admits that, on June 6, 2012, a pharmacist working at Walmart Store 635 in Savannah, Georgia, refused to fill a prescription for carisoprodol 350mg written by F.B. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

247.   Walmart denies the allegations in Paragraph 247 and refers to the referenced documents for a complete and accurate statement of their contents.

248.   Walmart denies the allegations in Paragraph 248 and refers to the referenced documents for a complete and accurate statement of their contents.

249.   Walmart denies the allegations in Paragraph 249 and refers to the referenced documents for a complete and accurate statement of their contents.

250.   Walmart denies the allegations in Paragraph 250, except ███████ ███████████████████████████████████████ ███████████████████████████████████████ █████████████████████████ Walmart further refers to the referenced document for a complete and accurate statement of its contents.

251.   Walmart denies the allegations in Paragraph 251, except is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 251 and therefore denies the same. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

252.   Walmart denies the allegations in Paragraph 252.

253.   Walmart denies the allegations in Paragraph 253 and refers to the referenced document for a complete and accurate statement of its contents.

254.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254, and therefore denies the same, except admits that F.B. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

255.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and therefore denies the same, except admits that F.T. was a doctor who practiced in Tampa and Punta Gorda, Florida.

256.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and therefore denies the same.

257.   Walmart denies the allegations in Paragraph 257 and refers to the referenced documents for a complete and accurate statement of their contents.

258.   Walmart denies the allegations in Paragraph 258 and refers to the referenced documents for a complete and accurate statement of their contents.

259.   Walmart denies the allegations in Paragraph 259 and refers to the referenced documents for a complete and accurate statement of their contents.

260.   Walmart denies the allegations in Paragraph 260 and refers to the referenced documents for a complete and accurate statement of their contents.

261.   Walmart denies the allegations in Paragraph 261 and refers to the referenced document for a complete and accurate statement of its contents.

262.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and therefore denies the same, except admits that F.T. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

263.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and therefore denies the same, except admits that G.G. (i) was a doctor who practiced in Oakland City, Indiana, and (ii) has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

264.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and therefore denies the same, except admits that G.G. has been the subject of disciplinary proceedings.

36

Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

265.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and therefore denies the same.

266.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and therefore denies the same, except admits that G.G. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

267.   Walmart denies the allegations in Paragraph 267, except ███████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████ Walmart further refers to the referenced document for a complete and accurate statement of its contents.

268.   Walmart denies the allegations in Paragraph 268.

269.   Walmart denies the allegations in Paragraph 269 and refers to the referenced document for a complete and accurate statement of its contents.

270.   Walmart denies the allegations in Paragraph 270, except ██████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

271.   Walmart denies the allegations in Paragraph 271, except admits that (i) in April 2014, a pharmacist working at Walmart Store 1263 in Evansville, Indiana, refused to fill a prescription written by G.G., and (ii) in April 2014 a pharmacist working at Walmart Store 870 in Jasper, Indiana, refused to fill a prescription written by G.G. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

272.   Walmart denies the allegations in Paragraph 272 and refers to the referenced document for a complete and accurate statement of its contents.

273.   Walmart denies the allegations in Paragraph 273 and refers to the referenced document for a complete and accurate statement of its contents.

274.   Walmart denies the allegations in Paragraph 274 and refers to the referenced documents for a complete and accurate statement of their contents.

275.   Walmart denies the allegations in Paragraph 275.

276.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and therefore denies the same. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

277.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 and therefore denies the same.

278.   Walmart denies the allegations in Paragraph 278 and refers to the referenced document for a complete and accurate statement of its contents.

279.   Walmart denies the allegations in Paragraph 279 and refers to the referenced document for a complete and accurate statement of its contents.

280.   Walmart denies the allegations in Paragraph 280 and refers to the referenced documents for a complete and accurate statement of their contents.

281.   Walmart denies the allegations in Paragraph 281, except admits that pharmacists working at Walmart Store 55 in Booneville, Arkansas, and Store 380 in Waldron, Arkansas, refused to fill certain prescriptions written by R.M. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

282.   Walmart denies the allegations in Paragraph 282, except admits that, in September 2013, a pharmacy manager working at Walmart Store 8134 in Fort

Smith, Arkansas, contacted a Market Health & Wellness Director about R.M. and

G.H. Walmart further refers to the referenced document for a complete and

accurate statement of its contents.

283.   Walmart denies the allegations in Paragraph 283, except admits that

(i) a Market Health & Wellness Director forwarded an email sent by the pharmacy

manager working at Walmart Store 8134 to certain Practice Compliance personnel,

and (ii) B.N. replied to the Market Health & Wellness Director. Walmart further

refers to the referenced document for a complete and accurate statement of its

contents.

284.   Walmart denies the allegations in Paragraph 284 and refers to the

referenced document for a complete and accurate statement of its contents.

285.   Walmart denies the allegations in Paragraph 285.

286.   Walmart denies the allegations in Paragraph 286 and refers to the

referenced documents for a complete and accurate statement of their contents.

287.   Walmart denies the allegations in Paragraph 287.

288.   Walmart is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 288, and therefore denies the

same, except admits that G.H. and R.M. have been the subjects of disciplinary

proceedings. Walmart further refers to the publicly available records of those

proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

289.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, and therefore denies the same, except admits that G.H. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

290.   Walmart is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 290, and therefore denies the same, except admits that H.D. was a doctor who practiced in Sherman, Paris, and Sulphur Springs, Texas.

291.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and therefore denies the same. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

292.   Walmart denies the allegations in Paragraph 292.

293.   Walmart denies the allegations in Paragraph 293, except admits that (i) on February 10, 2014, a Walmart associate sent an email to a Walmart Market Health & Wellness Director referencing H.D.; (ii) on February 10, 2014, the

41

Market Health & Wellness Director forwarded the email to D.M.; and (iii) D.M. responded to the Market Health & Wellness Director. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

294.    Walmart denies the allegations in Paragraph 294, except admits that, on November 23, 2014, an assistant pharmacy manager working at Walmart Store 975 in Durant, Oklahoma, sent an email to another Walmart associate referencing H.D. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

295.    Walmart denies the allegations in Paragraph 295 and refers to the referenced document for a complete and accurate statement of its contents.

296.    Walmart denies the allegations in Paragraph 296 and refers to the referenced document for a complete and accurate statement of its contents.

297.    Walmart denies the allegations in Paragraph 297, except admits that, on February 6, 2015, a pharmacy manager working at Walmart Store 147 in Denison, Texas, sent an email to certain Practice Compliance personnel referencing H.D. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

298.    Walmart denies the allegations in Paragraph 298, except admits that on February 6, 2015, a Walmart associate working at Walmart Store 147 in

Denison, Texas, sent an email referencing H.D. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

299.   Walmart denies the allegations in Paragraph 299.

300.   Walmart denies the allegations in Paragraph 300.

301.   Walmart denies the allegations in Paragraph 301.

302.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and therefore denies the same, except admits that H.D. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

303.   Walmart is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 303, and therefore denies the same, except admits that J.F. was a doctor who practiced in Silver City, New Mexico.

304.   Walmart denies the allegations in Paragraph 304, except admits that (i) in November 2013 a pharmacist working at a Walmart Pharmacy refused to fill a prescription for hydromorphone 8mg written by J.F., and (ii) in June 2015 the same pharmacist refused to fill a prescription for hydrocodone written by J.F.

43

Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

305.   Walmart denies the allegations in Paragraph 305 and refers to the referenced documents for a complete and accurate statement of their contents.

306.   Walmart denies the allegations in Paragraph 306 and refers to the referenced documents for a complete and accurate statement of their contents.

307.   Walmart denies the allegations in Paragraph 307, except admits that on August 16, 2014, a pharmacist working at a Walmart Pharmacy in Las Cruces, New Mexico, refused to fill a prescription for oxycodone 15mg written by J.F. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

308.   Walmart denies the allegations in Paragraph 308.

309.   Walmart denies the allegations in Paragraph 309.

310.   Walmart denies the allegations in Paragraph 310 and refers to the referenced documents for a complete and accurate statement of their contents.

311.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and therefore denies the same, except (i) denies the allegations in the last sentence and (ii) admits that J.F. has been the subject of disciplinary proceedings. Walmart further refers to the

publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

312.   Walmart is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 312, and therefore denies the same, except admits that J.I. was a doctor who practiced in Clearwater, Florida.

313.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, and therefore denies the same, except admits that J.I. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

314.   Walmart denies the allegations in Paragraph 314.

315.   Walmart denies the allegations in Paragraph 315 and refers to the referenced documents for a complete and accurate statement of their contents.

316.   Walmart denies the allegations in Paragraph 316 and refers to the referenced documents for a complete and accurate statement of their contents.

317.   Walmart denies the allegations in Paragraph 317 and refers to the referenced documents for a complete and accurate statement of their contents.

318.   Walmart denies the allegations in Paragraph 318 and refers to the referenced documents for a complete and accurate statement of their contents.

319.   Walmart denies the allegations in Paragraph 319.

320.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320, and therefore denies the same, except admits that J.I. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

321.   Walmart is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 321, and therefore denies the same, except admits M.L. was a nurse practitioner who practiced in Colorado Springs, Colorado.

322.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322, and therefore denies the same, except admits that M.L. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

323.   Walmart denies the allegations in Paragraph 323 and refers to the referenced documents for a complete and accurate statement of their contents.

324.   Walmart denies the allegations in Paragraph 324.

325.   Walmart denies the allegations in Paragraph 325 and refers to the referenced documents for a complete and accurate statement of their contents.

326.   Walmart denies the allegations in Paragraph 326 and refers to the referenced documents for a complete and accurate statement of their contents.

327.   Walmart denies the allegations in Paragraph 327.

328.   Walmart denies the allegations in the first sentence of Paragraph 328. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 328 and therefore denies the same.

329.   Walmart denies the allegations in Paragraph 329.

330.   Walmart denies the allegations in the second sentence of Paragraph 330. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 330 and therefore denies the same.

331.   Walmart denies the allegations in the first sentence of Paragraph 331. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 331 and therefore denies the same.

332.   Walmart denies the allegations in Paragraph 332.

333.    Walmart denies the allegations in the first sentence of Paragraph 333. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 333 and therefore denies the same.

334.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334, and therefore denies the same, except admits that M.L. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

335.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335, and therefore denies the same, except admits that M.M. was a doctor who practiced in Orlando, Florida.

336.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336, and therefore denies the same, except admits that M.M. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

337.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, and therefore denies the same, except admits that M.M. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

338.   Walmart denies the allegations in Paragraph 338, except admits that, on September 24, 2012, a pharmacist working at Walmart Store 943 in Winter Park, Florida, refused to fill a prescription written by M.M. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

339.   Walmart denies the allegations in Paragraph 339, except admits that, on February 23, 2013, a pharmacist working at Walmart Store 5106 in Oviedo, Florida, refused to fill a prescription written by M.M. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

340.   Walmart denies the allegations in Paragraph 340 and refers to the referenced document for a complete and accurate statement of its contents.

341.   Walmart denies the allegations in Paragraph 341.

342.   Walmart denies the allegations in Paragraph 342, except █████████

███████████████████████████████████████████████████████

49

 Walmart further refers to the referenced document for a complete and accurate statement of its contents.

343.   Walmart denies the allegations in Paragraph 343.

344.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344, and therefore denies the same, except admits that M.M. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

345.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, and therefore denies the same, except admits that M.N.-A. was a doctor who practiced in Charleston, West Virginia.

346.   Walmart denies the allegations in the first sentence of Paragraph 346. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 346 and therefore denies the same.

347.   Walmart denies the allegations in Paragraph 347 and refers to the referenced documents for a complete and accurate statement of their contents.

348.   Walmart denies the allegations in Paragraph 348 and refers to the referenced document for a complete and accurate statement of its contents.

349.   Walmart denies the allegations in Paragraph 349.

350.   Walmart denies the allegations in Paragraph 350 and refers to the referenced documents for a complete and accurate statement of their contents.

351.   Walmart denies the allegations in the first sentence of Paragraph 351. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 351 and therefore denies the same.

352.   Walmart denies the allegations in Paragraph 352.

353.   Walmart denies the allegations in Paragraph 353.

354.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354, and therefore denies the same, except (i) denies the allegations in the second sentence and (ii) admits that

M.N.-A. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

355.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355, and therefore denies the same, except admits that P.T. was a doctor who practiced in Milford, Delaware.

356.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 and therefore denies the same.

357.    Walmart denies the allegations in Paragraph 357 and refers to the referenced documents for a complete and accurate statement of their contents.

358.   Walmart denies the allegations in Paragraph 358, except admits that, on January 10, 2014, a pharmacy manager working at Walmart Store 1741 in Milford, Delaware, sent an email to a Market Health & Wellness Director referencing P.T. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

359.   Walmart denies the allegations in Paragraph 359 and refers to the referenced document for a complete and accurate statement of its contents.

360.   Walmart denies the allegations in Paragraph 360 and refers to the referenced documents for a complete and accurate statement of their contents.

361.    Walmart denies the allegations in Paragraph 361, except admits that, on January 21, 2014, a pharmacist working at Walmart Store 2791 in Georgetown, Delaware, refused to fill prescriptions for oxycodone 15mg written by P.T. for four of his patients. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

362.    Walmart denies the allegations in Paragraph 362 and refers to the referenced documents for a complete and accurate statement of their contents

363.    Walmart denies the allegations in Paragraph 363.

364.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, and therefore denies the same, except admits that P.T. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

365.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365, and therefore denies the same, except admits that P.T. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

366.   Walmart denies the allegations in Paragraph 366, except ████████



Walmart further refers to publicly available records of the referenced criminal proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

367.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367, and therefore denies the same, except admits that R.K. was a doctor who practiced in Mt. Carmel and Shamokin, Pennsylvania.

368.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and therefore denies the same.

369.   Walmart denies the allegations in Paragraph 369.

370.   Walmart denies the allegations in Paragraph 370, except admits that Walmart Store 2481 in Coal Township, Pennsylvania, is located less than seven miles from the former offices of R.K. located in Mt. Carmel and Shamokin, Pennsylvania.

371.   Walmart denies the allegations in Paragraph 371, except admits that, in 2013 and 2014, pharmacists working at Walmart Store 2481 in Coal Township, Pennsylvania, refused to fill certain prescriptions written by R.K. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

372.   Walmart denies the allegations in Paragraph 372.

373.   Walmart denies the allegations in Paragraph 373, except is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 373 and therefore denies the same.

374.   Walmart denies the allegations in Paragraph 374, except admits that, on August 25, 2015, an agent from DEA met with the Walmart Store 2481 pharmacy manager, F.O.

375.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and therefore denies the same.

376.   Walmart denies the allegations in Paragraph 376 and refers to the referenced document for a complete and accurate statement of its contents.

377.   Walmart denies the allegations in Paragraph 377.

378.   Walmart denies the allegations in Paragraph 378.

379.   Walmart denies the allegations in Paragraph 379.

380.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380, and therefore denies the same, except admits that R.K. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

381.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381, and therefore denies the same, except admits that R.M. was a doctor who practiced in Miami, Florida.

382.   Walmart denies the allegations in Paragraph 382 and refers to the referenced documents for a complete and accurate statement of their contents.

383.   Walmart denies the allegations in Paragraph 383 and refers to the referenced documents for a complete and accurate statement of their contents.

384.   Walmart denies the allegations in Paragraph 384, except admits that, in November 2014, a pharmacist working at Walmart Store 159 in Columbia, Missouri, refused to fill a prescription written by R.M. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

385.   Walmart denies the allegations in Paragraph 385, except admits that (i) on June 24, 2014, a pharmacist working at Walmart Store 1828 in Plover, Wisconsin, sent an email to a Market Health & Wellness Director referencing

R.M., and (ii) the email was shared with three Directors in Practice Compliance. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

386.   Walmart denies the allegations in Paragraph 386 and refers to the referenced document for a complete and accurate statement of its contents.

387.   Walmart denies the allegations in Paragraph 387.

388.   Walmart denies the allegations in Paragraph 388, except admits that, from July 2014 through October 2015, pharmacists working at Walmart Pharmacies in Utah dispensed approximately 231 prescriptions for Schedule II controlled substances written by R.M.

389.   Walmart denies the allegations in Paragraph 389.

390.   Walmart denies the allegations in Paragraph 390.

391.   Walmart denies the allegations in Paragraph 391 and refers to the referenced documents for a complete and accurate statement of their contents.

392.   Walmart denies the allegations in Paragraph 392

393.   Walmart denies the allegations in Paragraph 393.

394.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394, and therefore denies the same, except admits that R.M. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a

57

complete and accurate statement of their contents and denies any characterization of those records.

395.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395, and therefore denies the same, except admits that R.W. was a doctor who practiced in McKinney, Texas.

396.   Walmart denies the allegations in Paragraph 396 and refers to the referenced documents for a complete and accurate statement of their contents.

397.   Walmart denies the allegations in Paragraph 397, except admits that (i) in February 2014, a pharmacist working at Walmart Store 947 in Sherman, Texas, refused to fill a prescription written by R.W., and (ii) in July 2015, a pharmacist working at Walmart Store 5931 in Dallas, Texas, refused to fill a prescription written by R.W. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

398.   Walmart denies the allegations in Paragraph 398.

399.   Walmart denies the allegations in the first sentence of Paragraph 399. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 399 and therefore denies the same.

400.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400 and therefore denies the same.

401.   Walmart denies the allegations in the first sentence of Paragraph 401. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 401 and therefore denies the same.

402.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402, and therefore denies the same, except admits that R.W. and R.P. have been the subjects of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

403.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403, and therefore denies the same, except admits that S.K. was a doctor who practiced in New Bern, North Carolina.

404.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 and therefore denies the same.

405.   Walmart denies the allegations in the second and third sentences of Paragraph 405. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 405 and therefore denies the same.

406.   Walmart denies the allegations in Paragraph 406.

407.   Walmart denies the allegations in Paragraph 407 and refers to the referenced document for a complete and accurate statement of its contents.

408.   Walmart denies the allegations in Paragraph 408 and refers to the referenced documents for a complete and accurate statement of their contents.

409.   Walmart denies the allegations in Paragraph 409 and refers to the referenced documents for a complete and accurate statement of their contents.

410.   Walmart denies the allegations in Paragraph 410 and refers to the referenced document for a complete and accurate statement of its contents.

411.   Walmart denies the allegations in Paragraph 411 and refers to the referenced documents for a complete and accurate statement of their contents.

412.   Walmart denies the allegations in Paragraph 412 and refers to the referenced document for a complete and accurate statement of its contents.

413.   Walmart denies the allegations contained in the third sentence of Paragraph 413. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 413 and

therefore denies the same. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

414.    Walmart denies the allegations in Paragraph 414.

415.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415, and therefore denies the same, except admits that S.K. has been the subject of criminal proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

416.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416, and therefore denies the same, except admits that V.S. was a doctor who practiced in Bradenton, Florida.

417.    Walmart denies the allegations in Paragraph 417 and refers to the referenced documents for a complete and accurate statement of their contents.

418.    Walmart denies the allegations in Paragraph 418 and refers to the referenced documents for a complete and accurate statement of their contents.

419.    Walmart denies the allegations in Paragraph 419 and refers to the referenced documents for a complete and accurate statement of their contents.

420.    Walmart denies the allegations in Paragraph 420, except admits that, between January and July 2014, pharmacists working at multiple Walmart

Pharmacies in Florida refused to fill certain prescriptions written by V.S. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

421.   Walmart denies the allegations in Paragraph 421.

422.   Walmart denies the allegations in Paragraph 422.

423.   Walmart denies the allegations in Paragraph 423.

424.   Walmart denies the allegations in Paragraph 424.

425.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425, and therefore denies the same, except (i) denies the allegations in the last sentence, and (ii) admits that V.S. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

426.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426, and therefore denies the same, except admits that W.W. was a doctor who practiced in Estero and Fort Myers, Florida, and was licensed to practice in Florida, Tennessee, Colorado, Washington, and Kentucky.

427.   Walmart denies the allegations in Paragraph 427 and refers to the referenced documents for a complete and accurate statement of their contents.

428.   Walmart denies the allegations in Paragraph 428, except admits that (i) on September 3, 2013, a pharmacist working at Walmart Store 5321 in Fort Myers, Florida, refused to fill a prescription written by W.W., and (ii) certain prescriptions written by W.W. were presented at Walmart Store 5321 after September 3, 2014. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

429.   Walmart denies the allegations in Paragraph 429 and refers to the referenced documents for a complete and accurate statement of their contents.

430.   Walmart denies the allegations in Paragraph 430 and refers to the referenced documents for a complete and accurate statement of their contents.

431.   Walmart denies the allegations in Paragraph 431 and refers to the referenced document for a complete and accurate statement of its contents.

432.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 432, and therefore denies the same, except admits that W.W. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

433.   Walmart denies the allegations in Paragraph 433 and refers to the referenced document for a complete and accurate statement of its contents.

434.   Walmart denies the allegations in Paragraph 434.

435.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435, and therefore denies the same, except admits that W.W. has been the subject of disciplinary proceedings. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

436.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436, and therefore denies the same, except admits that Z.B. was a doctor who practiced in Tampa, Florida.

437.   Walmart denies the allegations in Paragraph 437 and refers to the referenced documents for a complete and accurate statement of their contents.

438.   Walmart denies the allegations in Paragraph 438 and refers to the referenced documents for a complete and accurate statement of their contents.

439.   Walmart denies the allegations in Paragraph 439 and refers to the referenced documents for a complete and accurate statement of their contents.

440.   Walmart denies the allegations in Paragraph 440 and refers to the referenced documents for a complete and accurate statement of their contents.

441.   Walmart denies the allegations in Paragraph 441.

442.   Walmart denies the allegations in Paragraph 442.

443.    Walmart denies the allegations in Paragraph 443, except admits that, in or around June 2016, Practice Compliance conducted an evaluation of prescriptions dispensed by pharmacists working at Walmart Store 5654 in Tampa, Florida.

444.    Walmart denies the allegations in Paragraph 444.

445.    Walmart denies the allegations in Paragraph 445.

446.    Walmart denies the allegations in Paragraph 446.

447.    Walmart denies the allegations in Paragraph 447.

448.    Paragraph 448 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 448, including any characterizations of the referenced law.

449.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449 and therefore denies the same.

450.    Paragraph 450 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 450, including any characterizations of the referenced law, except is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "was recognized in the pharmacy profession," and therefore denies the same.

451.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451 and therefore denies the same.

452.   Walmart denies the allegations in Paragraph 452, except admits that Walmart's internal policies, procedures, and trainings provided guidance for pharmacists working at Walmart Pharmacies regarding the evaluation of controlled-substance prescriptions. Walmart further refers to the referenced documents for a complete and accurate statement of their contents and incorporates its responses to Paragraphs 111 through 116 as if fully set forth in this response.

453.   Walmart denies the allegations in Paragraph 453.

454.   Walmart denies the allegations in Paragraph 454.

455.   Walmart denies the allegations in Paragraph 455 and incorporates its responses to Paragraphs 276 through 286 as if fully set forth in this response.

456.   Walmart denies the allegations in Paragraph 456 and refers to the referenced document for a complete and accurate statement of its contents.

457.   Walmart denies the allegations in Paragraph 457 and refers to the referenced documents for a complete and accurate statement of their contents.

458.   Walmart denies the allegations in Paragraph 458 and incorporates its responses to Paragraphs 290 through 299 as if fully set forth in this response.

459.   Walmart denies the allegations in Paragraph 459 and refers to the referenced documents for a complete and accurate statement of their contents.

460.   Walmart denies the allegations in Paragraph 460.

461.   Walmart denies the allegations in Paragraph 461 and incorporates its responses to Paragraphs 355 through 363 as if fully set forth in this response.

462.   Walmart denies the allegations in Paragraph 462, except admits that, by January 2014, pharmacists working at Walmart Pharmacies located in Delaware had refused to fill at least 25 prescriptions written by P.T. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

463.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463 and therefore denies the same.

464.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 464 and therefore denies the same.

465.   Walmart denies the allegations in Paragraph 465.

466.   Walmart denies the allegations in the first sentence of Paragraph 466. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 466 and therefore denies

the same. Walmart further incorporates its responses to Paragraphs 367 through 379 as if fully set forth in this response.

467.   Walmart denies the allegations in the first and last sentences of Paragraph 467. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 467 and therefore denies the same.

468.   Walmart denies the allegations in Paragraph 468 and refers to the referenced documents for a complete and accurate statement of their contents.

469.   Walmart denies the allegations in Paragraph 469.

470.   Walmart denies the allegations in Paragraph 470 and incorporates its responses to Paragraphs 395 through 400 as if fully set forth in this response.

471.   Walmart denies the allegations in Paragraph 471 and refers to the referenced documents for a complete and accurate statement of their contents.

472.   Walmart denies the allegations in Paragraph 472 and refers to the referenced documents for a complete and accurate statement of their contents.

473.   Walmart denies the allegations in Paragraph 473 and refers to the referenced document for a complete and accurate statement of its contents.

474.   Walmart denies the allegations in Paragraph 474, except (i) admits that J.U. has been the subject of disciplinary proceedings and (ii) is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in the last sentence and therefore denies the same. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

475.   Walmart denies the allegations in Paragraph 475 and refers to the referenced documents for a complete and accurate statement of their contents.

476.   Walmart denies the allegations in Paragraph 476.

477.   Walmart denies the allegations in Paragraph 477.

478.   Walmart denies the allegations in Paragraph 478 and refers to the referenced document for a complete and accurate statement of its contents.

479.   Walmart denies the allegations in Paragraph 479 and refers to the referenced document for a complete and accurate statement of its contents.

480.   Walmart denies the allegations in Paragraph 480.

481.   Walmart denies the allegations in Paragraph 481 and refers to the referenced documents for a complete and accurate statement of their contents.

482.   Walmart denies the allegations in Paragraph 482.

483.   Walmart denies the allegations in Paragraph 483, except (i) admits that J.R. has been the subject of disciplinary proceedings and (ii) is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence and therefore denies the same. Walmart further

refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

484.   Walmart denies the allegations in Paragraph 484.

485.   Walmart denies the allegations in Paragraph 485.

486.   Walmart denies the allegations in Paragraph 486 and refers to the referenced documents for a complete and accurate statement of their contents.

487.   Walmart denies the allegations in Paragraph 487.

488.   Walmart denies the allegations in Paragraph 488 and refers to the referenced documents for a complete and accurate statement of their contents.

489.   Walmart denies the allegations in Paragraph 489.

490.   Walmart denies the allegations in Paragraph 490 and refers to the referenced documents for a complete and accurate statement of their contents.

491.   Walmart denies the allegations in Paragraph 491.

492.   Walmart denies the allegations in Paragraph 492.

493.   Walmart denies the allegations in Paragraph 493.

494.   Walmart denies the allegations in Paragraph 494 and refers to the referenced documents for a completed and accurate statement of their contents.

495.   Walmart denies the allegations in Paragraph 495.

496.    Walmart denies the allegations in Paragraph 496 and incorporates its responses to Paragraphs 303 through 311 as if fully set forth in this response.

497.    Walmart denies the allegations in Paragraph 497.

498.    Walmart denies the allegations in Paragraph 498 and incorporates its responses to Paragraphs 290 through 302 as if fully set forth in this response.

499.    Walmart denies the allegations in Paragraph 499, except (i) admits that H.D. has been the subject of criminal proceedings and (ii) is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence and therefore denies the same. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents and denies any characterization of those records.

500.    Walmart denies the allegations in Paragraph 500.

501.    Walmart denies the allegations in Paragraph 501.

502.    Walmart denies the allegations in Paragraph 502.

503.    Walmart denies the allegations in Paragraph 503, refers to the referenced documents for a complete and accurate statement of their contents, and incorporates its responses to Paragraphs 335 through 344 as if fully set forth in this response.

504.    Walmart denies the allegations in Paragraph 504.

505.   Walmart denies the allegations in Paragraph 505, except (i) admits that J.R. has been the subject of disciplinary proceedings and (ii) is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence and therefore denies the same. Walmart further refers to the publicly available records of those proceedings for a complete and accurate statement of their contents, denies any characterization of those records, and incorporates its response to Paragraph 483 as if fully set forth in this response.

506.   Walmart denies the allegations in Paragraph 506, refers to the referenced documents for a complete and accurate statement of their contents, and incorporates its responses to Paragraphs 290 through 302 as if fully set forth in this response.

507.   Walmart denies the allegations in Paragraph 507, except admits that a pharmacist working at a Walmart Pharmacy in Joplin, Missouri, submitted a BRTF regarding H.T. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

508.   Walmart denies the allegations in Paragraph 508.

509.   Walmart denies the allegations in Paragraph 509 and refers to the referenced documents for a complete and accurate statement of their contents.

510.   Walmart denies the allegations in Paragraph 510.

511.   Walmart denies the allegations in Paragraph 511.

512.   Walmart denies the allegations in Paragraph 512.

513.   Walmart denies the allegations in Paragraph 513.

514.   Walmart denies the allegations in Paragraph 514.

515.   Paragraph 515 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 515, including any characterizations of the referenced law.

516.   Paragraph 516 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 516, including any characterizations of the referenced law.

517.   Walmart denies the allegations in Paragraph 517, except admits that POM 1311 (2015) contained guidance for pharmacists working at Walmart Pharmacies regarding evaluating controlled-substance prescriptions. Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

518.   Walmart denies the allegations in Paragraph 518, except admits that the 2011 version of POM 1318 contained guidance for pharmacists working at Walmart Pharmacies regarding evaluating and authorizing early fills of controlled-substance prescriptions. Walmart further refers to the referenced document for a complete and accurate statement of its contents.

519.   Walmart denies the allegations in Paragraph 519.

520.   Walmart denies the allegations in Paragraph 520.

521.   Walmart denies the allegations in Paragraph 521.

522.   Walmart denies the allegations in Paragraph 522.

523.   Walmart denies the allegations in Paragraph 523.

524.   Walmart denies the allegations in Paragraph 524.

525.   Walmart denies the allegations in Paragraph 525 and incorporates its responses to Paragraphs 426 through 435 as if fully set forth in this response.

526.   Walmart denies the allegations in Paragraph 526, except ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

████████   Walmart further refers to the referenced documents for a complete and accurate statement of their contents.

527.   Walmart denies the allegations in Paragraph 527.

528.   Walmart denies the allegations in Paragraph 528.

529.   Walmart denies the allegations in Paragraph 529 and incorporates its responses to Paragraphs 345 through 354 as if fully set forth in this response.

530.   Walmart denies the allegations in Paragraph 530 and refers to the referenced document for a complete and accurate statement of its contents.

531.   Walmart denies the allegations in Paragraph 531 and incorporates its responses to Paragraphs 255 through 262 as if fully set forth in this response.

532.   Walmart denies the allegations in Paragraph 532.

533.   Walmart denies the allegations in Paragraph 533.

534.   Walmart denies the allegations in Paragraph 534.

535.   Walmart denies the allegations in the first sentence of Paragraph 535. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 535 and therefore denies the same.

536.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 536 and therefore denies the same.

537.   Walmart denies the allegations in Paragraph 537.

538.   Walmart denies the allegations in Paragraph 538 and incorporates its responses to Paragraphs 139 through 144 as if fully set forth in this response.

539.   Walmart denies the allegations in Paragraph 539 and refers to the referenced documents for a complete and accurate statement of their contents.

540.   Walmart denies the allegations in Paragraph 540, refers to the referenced document for a complete and accurate statement of its contents, and incorporates its responses to Paragraphs 215 and 219 as if fully set forth in this response.

541.   Walmart denies the allegations in Paragraph 541 and refers to the referenced document for a complete and accurate statement of its contents.

542.   Walmart denies the allegations in Paragraph 542 and refers to the referenced document for a complete and accurate statement of its contents.

543.   Walmart denies the allegations in Paragraph 543 and refers to the referenced document for a complete and accurate statement of its contents.

544.   Walmart denies the allegations in Paragraph 544.

545–556.   Paragraphs 545 through 556 relate to a claim that has been dismissed by the Court and therefore do not require a response.

557–758.   Paragraphs 557 through 758 relate to a claim that has been dismissed by the Court and therefore do not require a response.

759.   Walmart incorporates its responses to all other paragraphs contained in this Answer as if fully set forth in this response.

760.   Paragraph 760 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 760, including any characterizations of the referenced law.

761.   Paragraph 761 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 761, including any characterizations of the referenced law.

762.   Paragraph 762 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 762, including any characterizations of the referenced law.

763.   Walmart denies the allegations in Paragraph 763, including that Plaintiff is entitled to the relief requested therein.

764.   Walmart denies the allegations in Paragraph 764, including that Plaintiff is entitled to the relief requested therein.

765.   Walmart incorporates its responses to all other paragraphs contained in this Answer as if fully set forth in this response.

766.   Paragraph 766 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 766, including any characterizations of the referenced law.

767.   Paragraph 767 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 767, including any characterizations of the referenced law.

768.    Paragraph 768 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the allegations in Paragraph 768, including any characterizations of the referenced law.

769.    Walmart denies the allegations in Paragraph 769, including that Plaintiff is entitled to the relief requested therein.

770.    Walmart denies the allegations in Paragraph 770, including that Plaintiff is entitled to the relief requested therein.

771–775.    Paragraphs 771 through 775 relate to a claim that has been dismissed by the Court and therefore do not require a response.

776–779.    Paragraphs 776 through 779 relate to a claim that has been dismissed by the Court and therefore do not require a response.

Walmart denies that Plaintiff is entitled to the relief requested in the Prayer for Relief section of the Complaint.

## **AFFIRMATIVE DEFENSES**

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Walmart further denies any allegations that have not been expressly admitted and sets forth below its defenses. By setting forth these defenses, Walmart does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, these defenses shall not be construed as an acknowledgement that any

78

particular issue or subject matter is relevant to Plaintiff's allegations. Walmart does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense. Upon completion of discovery, if the facts warrant, Walmart may withdraw any of these defenses as appropriate. Walmart reserves the right to (i) rely on any other defenses that may become apparent during fact or expert discovery in this matter, and (ii) amend its Answer to assert any such defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification because of the Plaintiff's own misconduct and other actions, including (but not limited to) Plaintiff's renewal and maintenance of Walmart's controlled-substance registrations without notifying or suggesting to Walmart that its dispensing practices violated the law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Due Process Clause of the Fifth Amendment to the United States Constitution because the statutory and regulatory provisions that Plaintiff seeks to enforce are void for vagueness and fail to provide adequate notice as to what conduct is prohibited and will result in civil penalties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for civil penalties are barred by the Due Process Clause of the Fifth Amendment to the United States Constitution to the extent that those claims may result in recovery of penalties that are grossly excessive in relation to the alleged misconduct, thereby depriving Walmart of property without due process of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for civil penalties are barred by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the extent those claims may result in recovery of penalties that qualify as punishments because they are grossly disproportional to the gravity of the alleged offense.

## JURY DEMAND

Walmart hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Walmart respectfully requests that the Court:

    a.  Grant judgment in Walmart's favor;

    b.  Deny Plaintiff's claims and all relief requested in the Complaint;

    c.  Award Walmart its attorneys' fees and costs incurred in this matter; and

    d.  Award Walmart any further relief the Court deems proper.

OF COUNSEL:

Yaakov M. Roth
William G. Laxton, Jr.
Jeffrey R. Johnson
Kristen A. Lejnieks
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
(202) 879-3939

Karen P. Hewitt
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
(858) 314-1200

Jason S. Varnado
Andrew J. Junker
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2172
(832) 239-3939

Laura Jane Durfee
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673
(614) 281-3895

Dated:  March 25, 2024

*/s/ Kelly E. Farnan*
Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

David W. Ogden
Charles C. Speth
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Walmart Inc. and*
*Wal-Mart Stores East, LP*