## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A No. 20-1744-CFC-EGT |
| | ) |
| WALMART, INC. and WAL-MART | ) |
| STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

## [PROPOSED] ORDER REGARDING DEPOSITION PROTOCOL

In accordance with the Scheduling Order entered in this case on April 15, 2024 (D.I. 124 ¶ 6), the Parties, Plaintiff the United States of America and Defendants Walmart, Inc. and Wal-Mart Stores East, LP, hereby stipulate to and petition the Court to enter the following Order Regarding Deposition Protocol (D.I. 124 ¶ 6).

### I.   Definitions

1.   *Action.* The above-captioned litigation.

2.   *Named Entity.* The company, organization, association, governmental agency, or other entity to which a Federal Rule of Civil Procedure 30(b)(6) deposition notice is directed.

3.   *Noticing Party.* The Party noticing a deposition.

4.     *Party Document Custodian(s)*. Any individual identified as a custodian under paragraph 33 of the Order Regarding Discovery of Documents and Electronically Stored Information, entered on May 15, 2024. *See* D.I. 132 ("ESI Order").

5.     *Party Fact Witness(es)*. Any current or former employee of Defendants or current or former employee of Plaintiff. Party Fact Witnesses include Rule 30(b)(6) designees providing testimony on behalf of a Party.

6.     *Third-Party Witness(es)*. Any witness who is not a Party Fact Witness.

7.     *Service Provider*. The vendor retained by a Party to provide court reporting, videography, or other deposition services in this Action.

## II.     General Provisions

### A.     Deposition Limits

1.     *Total Deposition Time*. In accordance with the Scheduling Order, each side is limited to a total of 175 hours of oral examination of Party Fact Witnesses, including up to 21 hours of Rule 30(b)(6) testimony. (D.I. 124 ¶ 6.b.-c.). In addition, each side is limited to a total of 150 hours of oral examination of Third-Party Witnesses. (*Id.* ¶ 6.d.).

2.     *Counting Time on the Record*. Time on the record shall be counted against the Party examining the witness.

2

3.    *Default Deposition Length*. Consistent with Federal Rule of Civil Procedure 30(d), no deposition of a Rule 30(b)(1) witness shall exceed seven (7) hours on the record, unless otherwise stipulated or ordered by the Court.

**B.    Noticing Depositions**

1.    *Deposition Notice Procedures*. All deposition notices shall comply with the requirements of Federal Rule of Civil Procedure 30(b) and Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.4(b) and 30.1, except that all deposition notices must be served at least fourteen (14) days before the scheduled deposition date. Prior to serving a deposition notice for a known Party Fact Witness, the Parties shall confer regarding dates for scheduling the deposition. If a deposition is cross-noticed, the notice shall comply with the aforementioned rules. All depositions noticed or properly cross-noticed are subject to this Deposition Protocol.

2.    *Third-Party Depositions*. All subpoenas seeking deposition testimony from Third-Party Witnesses shall comply with Federal Rule of Civil Procedure 45. A copy of this Deposition Protocol shall be attached to each Third-Party Witness subpoena issued or served in this Action requesting deposition testimony. All Third-Party Witness subpoenas requesting deposition testimony shall be served as provided in Section II.B.1.

3.    *Former Employee Depositions*. In seeking depositions of former employees or contractors of the opposing Party, the Noticing Party shall inquire with the opposing Party's counsel whether opposing Party's counsel will be representing the former employee. The opposing Party's counsel shall respond to any such inquiry within fourteen (14) days. If opposing Party's counsel represents the former employee, it shall agree to accept service of a notice of deposition of the former employee.

4.    *Cooperative Deposition Scheduling*. The Parties shall engage cooperatively to schedule all depositions.

**C.    Rule 30(b)(6) Depositions**

1.    *Timing of Rule 30(b)(6) Notices and Objections*. The Party noticing a Rule 30(b)(6) deposition must do so at least forty-five (45) days before the deposition. To the extent the entity named in the Rule 30(b)(6) notice (the Named Entity) objects to the notice, it must serve its objections on the Noticing Party within fourteen (14) days after service of the notice. The Noticing Party and Named Entity must meet and confer regarding any disputes related to the notice. If any such disputes are not resolved, the Noticing Party may move to compel. If the Noticing Party chooses to move to compel, it must do so pursuant to Scheduling Order paragraph 7 and at least fourteen (14) days before the scheduled deposition. The Noticing Party is entitled to proceed with the deposition as scheduled relating to any

4

undisputed topics. Any examination related to the disputed topics shall be deferred until resolution of the motion.

2.      *Identification of Rule 30(b)(6) Designees*. The Named Entity must notify the Noticing Party of the individual(s) it designates to testify on its behalf, and set out the matter(s) on which each person designated will testify, at least fifteen (15) days before the deposition.

### D.    Manner of Depositions

1.      *Remote / In-Person Election*. Depositions shall take place remotely or in-person at the election the of the Noticing Party, except that:

(a)     In the case of a deposition noticed to take place remotely, any Party may cross-notice the deposition to take place in-person, with all Parties then having the option to attend remotely or in-person; and

(b)     Upon motion and showing of good cause, the Court may direct whether the deposition will take place remotely or in-person.

2.      *Notice of Remote or In-Person Election*. The deposition notice shall state whether the deposition will be taken remotely or in person.

### E.    Efficiency of Depositions

1.      *Duty to Avoid Duplicative Discovery*. The Parties shall use best efforts avoid duplicative discovery, including that which is duplicative of any discovery available to the Parties from opioid-related litigation.

2.      *Deponents Previously Deposed in this Action.* Except as provided in provision II.E.3., a Party will not seek to depose an individual fact witness whose deposition has already been taken in this Action without either (i) further order of the Court upon showing of substantial need, or (ii) an agreement of the Parties. This limitation does not apply to a witness who previously provided testimony in a different capacity (i.e. as a Named Entity designee).

3.      *Production of Documents Prior to Deposition.* To the extent a deponent is also a Party Document Custodian, that Party shall promptly notify the Noticing Party whether all responsive documents from the deponent's custodial file have been produced and, if not, when the Party expects such production to be completed. If documents from the deponent's custodial file are produced less than ten (10) days before the deposition, the Noticing Party may elect to either (i) reschedule the deposition for a date following the completion of production, or (ii) proceed with the deposition as scheduled and have the right to continue the deposition on a later date, with the examination at the continued deposition being limited to questions regarding those documents produced within ten (10) days of the deposition or following the deposition. In the event the Noticing Party elects option (ii), the original deposition and the continued deposition shall not exceed the seven (7) hour time limit set forth in provision II.A.3.

6

4.      *Impact of a Motion to Quash or for Protective Order.* The filing of a motion to quash or motion for protective order shall act to stay the deposition at issue until the motion is decided by the Court or otherwise resolved by the Parties.

**F.      Responsibility for Arrangements**

1.      *Hiring a Service Provider.* The Noticing Party is responsible for arranging and paying for a vendor to provide a stenographer and, if it so chooses, a videographer (the Service Provider), for both in-person and remote depositions. Each Party shall use best efforts to retain a single Service Provider to facilitate all depositions it notices.

2.      *Right to Video Record Depositions.* The Noticing Party must inform opposing counsel of whether it intends to videotape the deposition at least seven (7) days before the deposition. In the event the Noticing Party does not elect to videotape the deposition, the Party whose witness is being deposed may choose to arrange for a videographer to videotape the deposition at its own expense.

**III.    Conduct of Depositions**

**A.      Objections and Directions Not to Answer**

1.      *Objections for the Record.* All objections, except those as to form and privilege, are reserved until trial or other use of the depositions. Counsel shall comply with the Federal Rules of Civil Procedure and local rules of the United States District Court for the District of Delaware in objecting during depositions.

B.    **Disputes During Depositions**

1.    *Disputes Directed to Presiding Court.* Disputes between the Parties arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, will be addressed to the Court presiding over this Action, rather than the District Court in the District in which the deposition is being conducted.

C.    **Confidentiality**

1.    *Adherence to the Protective Order.* All Parties shall adhere to the Protective Order entered in this Action (D.I. 88) and shall take steps to ensure deponents adhere to the Protective Order as applicable, including with respect to treatment of Protected Health Information. Nothing in this Protocol modifies the terms of the Protective Order.

2.    *No Unauthorized Audio or Video Recording.* No one may record a deposition by videotape or audiotape except a retained stenographer and/or videographer, as provided in Section II.F.

IV.    **Provisions Applying to In-Person Depositions**

A.    **Location of In-Person Depositions**

1.    *Party Depositions.* For Party Fact Witness depositions, the non-noticing Party will determine the location of the in-person deposition, provided that

8

the chosen location is equipped to host the deposition, including with respect to required technology and sufficient space for a deposition room and break-out rooms for each side.

      2.    *Third-Party Depositions*. Federal Rule of Civil Procedure 45(c) shall govern the location of depositions of Third-Party Witnesses.

      3.    *Expert Depositions*. The Party who has retained the expert witness will determine the location of the in-person deposition, provided the chosen location is equipped to host the deposition, including with respect to required technology and sufficient space for a deposition room and break out rooms for each side.

      4.    *Telephonic Attendance*. The Noticing Party shall provide a teleconference dial-in number to allow Party counsel not attending in-person to attend remotely. Counsel attending remotely shall appear on the record.

**B.**    **Exhibits**

      1.    *Copies of Exhibits*. At the time an examining Party introduces an exhibit during an in-person deposition, it shall supply complete physical copies of the exhibit to the court reporter, the witness, and counsel in-person at the deposition.

## V.    Provisions Applying to Remote Depositions

### A.    Official Record of Remote Deposition Testimony

1.    *Authority of the Court Reporter to Swear Deponent In Remotely.* Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but the court reporter need not be physically present with the witness whose deposition is being taken. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the jurisdiction where the deponent is located.

2.    *Transcript and Recording of the Deposition.* The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. If any party elects to a video recording pursuant to Section II.F.2, the Service Provider will record the video feed of the deponent and preserve the video recording. The court reporter may be given a copy of the video recording (of any videotaped deposition) and may review the video recording to improve the accuracy of any written transcript.

3.    *Use of Remote Deposition Video.* All Parties agree that video-recorded remote depositions undertaken pursuant to this stipulation may be used at

10

a trial or hearing to the same extent an in-person deposition video may be used at a trial or hearing and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

        4.    *On the Record Remote Deposition Introduction.* At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the employee of the Service Provider responsible for video-recording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date and time, and place of the deposition (which shall be defined as the location of the deponent); (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation; (v) the identity of all persons present at the remote deposition; and (vi) unless inapplicable, a statement that the Parties have agreed to take the deposition by remote means.

**B.    Requirements for a Remote Deposition**

        1.    *Location and Technology Requirements.* Prior to noticing a remote deposition, the Noticing Party must confirm that all necessary participants (including the witness, examining counsel, and defending counsel) have access to:

        (a)    a private, quiet, and secure room where he or she will be uninterrupted and where confidentiality of the proceedings may be preserved for the entirety of the deposition;

(b)    a stable, secure, internet connection sufficient to support clear audio and video transmission throughout the deposition; and

(c)    a device with video and microphone capabilities compatible with the remote deposition videoconferencing platform.

2.    *Notice of the Remote Deposition Service Provider.* At least seven (7) days before the remote deposition, the Noticing Party shall inform all deposition participants of the Service Provider it has retained to facilitate the remote deposition, as well as the Service Provider's contact information, to allow each participant to test the remote deposition platform.

3.    *Testing the Platform.* At least two business days prior to the commencement of each remote deposition, any first-time participant on the remote deposition platform in use shall access the remote deposition video and exhibit platform, and ensure that it functions properly. The Parties agree to work collaboratively and in good faith with the Service Provider to assess each deponent's technological abilities and to troubleshoot any issues at least two business days in advance of the deposition so any adjustments can be made.

4.    *Access to the Deposition Platform.* At least one business day prior to the commencement of each remote deposition, the Noticing Party shall provide, or cause the Service Provider to provide, all counsel the details necessary to gain access to each remote deposition, including but not limited to any web

12

addresses, login credentials, and hardware and software requirements. At that time, the defending attorney shall provide to the counsel noticing the deposition the electronic mail address of the deponent to the extent necessary.

    5. *Technical Issues.* The Parties agree to work collaboratively to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that, and starting when, a questioning attorney or defending attorney specifies it is "off the record." If a technical issue prevents the questioning attorney or defending attorney from speaking to other participants, the deposition shall be deemed "off the record" from that time. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent. To the extent a deposition needs to be adjourned due to technical problems that cannot be resolved within an hour, the Parties shall resume the deposition at the earliest mutually agreeable date and time.

13

**C.    Conducting A Remote Deposition**

1.    *Defending in Person.* Counsel defending the deposition may be in-person with the deponent during the deposition even though the Noticing Party is remote.

2.    *Participating Parties on Camera.* All individuals participating in the deposition, including the witness, examining counsel, and defending counsel, must be on video when the deposition is on the record. Counsel attending but not actively participating in the deposition will not be on video.

3.    *No Off-The-Record Contact.* No counsel shall initiate or engage in a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while on the record, except that a private conference will be permitted while a question is pending if a witness or his or her counsel has a good faith basis for believing the pending question seeks information or communications covered by attorney-client privilege, work product, or other applicable privilege or protection. If the deponent and deponent's counsel are in the same location, all communications between counsel and deponent while the deposition is on the record shall be made verbally on the record. While the deposition is on the record, counsel shall refrain from any communication with the deponent that is not visible and/or audible to all participants and recorded in the record, including through written communications or non-verbal gestures. District of

14

Delaware Local Rule of Civil Practice and Procedure 30.6 shall apply to remote depositions in the same manner as to in-person depositions.

4.    *Remote Breakout Rooms*. During breaks in the deposition, the Parties may use the breakout room feature provided by the Service Provider, if available, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider before the deposition and controlled by the Service Provider.

**D.    Exhibits**

1.    *Handling of Exhibits*. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition:

(a)    *Shipping Hard Copies*. The Noticing Party may choose to mail or courier physical copies of documents that may be used during the deposition to the deponent, the defending attorney, and the court reporter. The Noticing Party shall inform the defending attorney prior to mailing the documents and shall provide tracking information for the packages. Such documents shall be delivered no later than 2:00 pm local time the business day before the deposition, unless otherwise agreed. The defending attorney shall confirm receipt of the package by electronic mail to counsel noticing the deposition. If physical copies are mailed or couriered, every recipient of a mailed or couriered package shall keep the package sealed until

15

the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use in examining the witness. Copies of the exhibits shall be provided to all the other deposition attendees by one of the electronic methods described in subparagraphs (b) and (c) below. The box sent to the deponent shall include a prepaid shipping label to return the documents to the questioning attorney. Following the completion of the deposition, the witness will secure any hard-copy exhibits in an envelope or box immediately following the deposition and will not alter any exhibit (mark up, remove pages, etc.) after the conclusion of the deposition. Counsel for the witness will arrange for the exhibits to be destroyed or returned to questioning attorney. The deposing counsel retains the right to use additional electronic exhibits that he or she was unable, acting in good faith, to include with the hard-copy exhibits, or Excel documents or other file types such as video or audio files that cannot be easily printed.

(b)    *E-mail Electronic Copies*. The Noticing Party may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to all deposition attendees, including the deponent, the defending attorney, and the court reporter. The .zip file shall be delivered by 11:00 pm ET the business day before the deposition and may be delivered via a secure file

16

transfer service or by email if the attachment size allows. The defending attorney and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open (a) the .zip file or (b) any specific document within the .zip file until specifically directed to do so by the counsel taking the deposition. Before the close of the deposition, the deponent shall delete any documents that were electronically sent to them, and state for the record and on video that the documents have been deleted. After the conclusion of the deposition, all other recipients of the electronic files will delete and remove from their computer all electronic files that were not introduced as exhibits during the deposition without opening or otherwise inspecting those files.

(c)     *Real-Time Electronic Sharing.* The Noticing Party may introduce exhibits electronically during the deposition, by using document-sharing technology provided by the Service Provider, or by sending the exhibit to the deponent and all individuals on the record via electronic mail. In any event, the method used to share documents must allow the deponent and counsel for all Parties to control the exhibits and review them independently and in their entirety during the course of the deposition. Before the close of the deposition, the deponent shall

delete any documents that were electronically sent to their computer and electronic mail, and state for the record and on video that the documents have been deleted.

(d) *Deponents May Request Physical Copies*. Regardless of the methods for administering exhibits selected by the Noticing Party, the witness (through counsel) may request physical copies of the documents up to seven (7) days before the scheduled date of the deposition. Should the witness make that election, physical copies of documents that may be used during the deposition shall be sent to the deponent pursuant to the procedures outlined in Section V.D.1.(a).

## VI.   Other Provisions

### A.   Modification by Agreement

1.   The Parties may modify these provisions by mutual agreement and reserve their rights to seek reasonable modifications of these provisions as appropriate in individual circumstances.

### B.   Reservation of Rights

1.   Any Party shall be entitled to oppose any provision insofar as it contends that protections provided herein, or their implementation in a particular situation, are insufficient under the circumstances. Any Party wishing to state such an objection shall give timely notice to the other Party, who shall meet and confer about the objection and potential means of addressing it. Nothing in this Order limits a participant's ability to seek judicial assistance, either before or during a deposition.

DAVID C. WEISS
UNITED STATES ATTORNEY

/s/ Elizabeth F. Vieyra
Dylan Steinberg
Elizabeth F. Vieyra
Assistant United States Attorney
U.S. Attorney's Office
Hercules Building
1313 N. Market Street
Wilmington, DE 19801
Dylan.Steinberg@usdoj.gov
Elizabeth.vieyra@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

/s/ Kelly E. Farnan
Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

*Attorney for Defendants Walmart Inc.*
*and Wal-Mart Stores East, LP*

SO ORDERED this _11th_ day of ___October___, 2024

_____
Honorable Colm F. Connolly
Chief United States District Judge

19