**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1744-CFC |
| | ) | |
| WALMART INC. AND WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION AND [PROPOSED] ORDER RE: DISCLOSURE OF
PRESCRIPTION DRUG MONITORING PROGRAM DATA**

Plaintiff the United States of America and Defendants Walmart Inc. and Wal-Mart Stores East, LP, (together, "Walmart") pursuant to the Protective Order, paragraph 86, (D.I. 88) in the above-captioned action (this "Litigation"), respectfully submit this Stipulation and Proposed Order Re: Disclosure of Prescription Drug Monitoring Program Data.

WHEREAS, the states of Florida, Georgia, Kentucky, Pennsylvania, and West Virginia, or agencies thereof (the "States") maintain electronic systems to collect and store controlled substance dispensing information (the "PDMP Databases").

WHEREAS, the United States possesses data from the PDMP Databases (the "PDMP Data") related to this Litigation.

WHEREAS, the States provided PDMP Data to the United States in the federal criminal actions against certain prescribers subject to the respective laws of the States. *See, e.g.*, FLA STAT. § 93.0551(3), GA. CODE ANN. § 16-13-60(C), Ky. Stat. § 218A.202(3)(f), 35 PA. STAT. § 72.9(b), W. VA. CODE § 60A-9-5.

WHEREAS, the laws of the States permit disclosure of the PDMP Data to a third-party by court order or where authorized by law. *See, e.g.*, FLA STAT. § 93.0551(6), Ga. Code Ann. § 16-13-60(e), Ky. Stat. § 218A.202(3)(h), 35 PA. STAT. § 72.9(b), W. VA. CODE § 0A-9-5(a)(1).

WHEREAS, Walmart believes federal law authorizes the United States to produce PDMP Data in its possession, custody, or control that is responsive to Walmart's discovery requests.

WHEREAS, the United States believes an Order from this Court is required to permit the disclosure of PDMP Data from the States that is responsive to Walmart's discovery requests.

WHEREAS, being relevant to the claims and defenses at issue in this Litigation, subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Protective Order, the PDMP Data is discoverable and potentially admissible as evidence in this Litigation.

WHEREAS, the parties recognize that the PDMP Data may require specific handling and designation under the Protective Order.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, subject to the approval of this Court and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), that:

1.      The United States shall, consistent with the Protective Order, produce the PDMP Data in its possession to Defendants consistent with this Court's Scheduling Order, *see* D.I. 124.

2.      In accordance with the Protective Order, the United States shall designate the PDMP Data as "Highly Confidential – Protected Health Information."

3.      This Order shall not be construed to require the United States to obtain additional data not already in its possession from the PDMP Databases or to prohibit Walmart from seeking additional PDMP data that is in the possession, custody, or control of the United States.

DAVID C. WEISS
UNITED STATES ATTORNEY

*/s/ Elizabeth F. Vieyra*
Dylan Steinberg
Elizabeth F. Vieyra
Assistant United States Attorneys
1313 N. Market Street
Wilmington, DE 19899-2046
(302) 573-6277
dylan.steinberg@usdoj.gov
elizabeth.vieyra@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

*/s/ Kelly E. Farnan*
Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

*Attorney for Defendants Walmart Inc.*
*and Wal-Mart Stores East, LP*

Dated: October 31, 2024

SO ORDERED this _____ day of _____, 2024.

_____
Honorable Eleanor G. Tennyson
United States Magistrate Judge