# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-01744-CFC |
| | ) |
| WALMART INC. *et al.*, | ) **CONFIDENTIAL** |
| | ) **FILED UNDER SEAL** |
| Defendants. | ) |

**PLAINTIFF UNITED STATES' DISCOVERY DISPUTE LETTER**

1

Dear Judge Tennyson,

The United States requests that the Court compel Walmart to comply with the United States' Requests for Production 1 and 2, which seek electronic nationwide dispensing data for controlled substance and certain non-controlled substance prescriptions filled at Walmart pharmacies during the relevant time period.[1]  Ex. 1, at 8-9.  During extensive back and forth on this issue, Walmart has not articulated any burden associated with producing electronic dispensing data.  Rather, Walmart claims that nearly all the requested data is not relevant because it does not relate to specific invalid prescriptions included as examples of Walmart's unlawful conduct in the complaint.  Ex. 2, at 12-15.  Based on that position, Walmart has offered to produce minimal dispensing data and, in fact, has produced none and has been unwilling to even identify the data fields available.  Ex. 3, at 6-7.

Under the lenient standard for relevancy, *see Minerva Surg., Inc. v. Hologic, Inc.*, 2019 WL 5092254, at *3 (D. Del. Oct. 11, 2019), the requested data is relevant for several reasons.  It is relevant to identifying additional prescriptions that Walmart unlawfully filled.  Further, the full universe of data is relevant to determining whether particular prescriptions (including those prescriptions Walmart concedes were alleged in the Complaint) were invalid and whether the filling pharmacist would have known that (for instance, because such red flag fills were extreme statistical outliers compared to the full universe of data).  It is also relevant to determining Walmart's culpability and the public harm, factors in assessing the amount of the civil penalty.  *Advance Pharm., Inc. v. U.S.*, 391 F.3d 377, 399 (2d Cir. 2004) (collecting cases); *Orange Cnty. Coastkeeper v. Bodycote Thermal Proc., Inc.*, 2024 WL 174467, at *1-2 (C.D. Cal. Jan. 12, 2024).

Despite the lack of burden associated with producing the data and its clear relevance, Walmart has refused to comply with its discovery obligations based on its position that the meaning of the term "violation" in the Controlled Substances Act's civil penalties provision, 21 U.S.C. § 842(c)(1), is "coterminous" with the meaning of the term "claim" in Fed. R. Civ. P. 26(b)(1).  Walmart contends that the requested dispensing data is not relevant and discovery may extend only to the prescription fills that Walmart believes are explicitly referenced in the complaint.  Ex. 3, at 2-6.  As the United States explained in meet-and-confer correspondence, the only supporting authority Walmart has offered are decisions providing generic definitions of the term "claim," *none* of which involve the CSA or any other civil penalty statute and *none* of which compare the meaning of "claim" and "violation," let alone equate the terms, as Walmart seeks to do.  Ex. 4, at 2; Ex. 5, at 2-3.

"Claim" in Rule 26(b)(1) simply refers to Rule 8's notice pleading standard that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States has alleged two claims under 21 U.S.C. 21 §§ 842(a)(1), 829, and 21 C.F.R. § 1306.04, each alleging that Walmart knowingly filled invalid prescriptions.  D.I. 109 at 194-95.  The United States further alleged that Walmart violated these provisions on multiple occasions, and for each such violation, is liable for a civil penalty.  D.I. 109 at 194-95.  *Cf. U.S. v. Appalachian Reg'l Healthcare, Inc.*, 246 F. Supp. 3d 1184, 1192-93 (E.D. Ky. 2017) (denying motion to dismiss a single CSA claim for recordkeeping violations and determining that the penalty applies "per occurrence" of a violation).

---

[1] The United States is also seeking hard copy prescriptions records but is not moving to compel production of such records now.

The Government's approach here is not unusual. The Government frequently brings civil penalty actions in which it alleges that a defendant violated federal law when it or its employees acted similarly on numerous occasions or engaged in a course of conduct that led to numerous violations, and then provides specific examples of violations. In such cases, courts routinely allow discovery related to violations not specifically referenced in the complaint. For example, in *United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125 (E.D. Pa. 2012), the Court held that plaintiffs "cannot be expected to plead with particularity each and every false claim nationwide *without the benefit of at least some discovery, as such information rests solely within Defendants' control*," *id.* at 177-78 (emphasis added). As in *CVS*, the complaint in this case includes detailed allegations that Walmart engaged in "generalized practices" that led to violations of the CSA—practices attributable to Walmart's Bentonville, Arkansas-based pharmacy compliance department. *E.g.* D.I. 75, ¶¶ 91-123, 131, 138-44, 538-44; *contra United States v. Ridley's Family Mkts. Inc.*, No. 1:20-cv-173, D.I. 26, ¶ 93 (D. Utah Feb. 26, 2021) (complaint containing a single allegation that "the apparent absence of corporate policies and oversight" at the single location under investigation suggested that invalid fills likely occurred at other *Ridley's* locations). The complaint also alleges that Walmart pharmacists filled thousands of invalid prescriptions with obvious red flags, and that Walmart policies and operations contributed to these invalid fills. *Id.* ¶¶ 476-544. Also, like *CVS*, the complaint includes examples of "specific" violations which span all regions of the country from 2013 to 2018. *Id.* ¶¶ 159-62, 165-68, 207, 219, 223-24, 229-31, 236-445.

*CVS*—and the complaint here—are also consistent with numerous decisions authorizing discovery related to violations not specifically enumerated in a complaint. *See, e.g.*, *Orange Cnty. Coastkeeper* at *1-2; *Corteva Agriscience LLC v. Monsanto Co.*, 2023 WL 6880348, at *1 (D. Del. Oct. 18, 2023); *U.S. ex rel. Bibby v. Wells Fargo Bank*, 165 F. Supp. 3d 1340, 1343, 1355-56 (N.D. Ga. 2015); *In re RFC and ResCap Liquidating Trust Lit.*, 2015 WL 12819152, at *5-6 (D. Minn. Apr. 13, 2015); *U.S. ex rel. Rost v. Pfizer, Inc.*, 253 F.R.D. 11, 17 (D. Mass. 2008); *U.S. v. Nat'l Dynamics Corp.*, 1981 WL 2070, at *1 (S.D.N.Y. April 30, 1981), *aff'g* 1981 WL 2054, at *2 (S.D.N.Y. Apr. 8, 1981). Courts authorize such discovery because "Rule 26 certainly contemplates" that "additional alleged violations could be unearthed during discovery." *Simpson v. Ocwen Loan Servicing, LLC*, 2020 WL 1465740, at *4 (N.D. W. Va. Mar. 25, 2020).

Walmart's dispensing data include numerous fields of information, such as a customer's name, the prescriber, and the prescription filled date. The United States does not know all of the fields Walmart's pharmacy software system maintains, but is aware that chain pharmacies' systems often include multiple fields that reflect relevant information about customers and its pharmacists' attempts to resolve red flags. Over seven months ago, before issuing its Requests, the United States asked Walmart to provide information about the fields in its system so that the Government could tailor its request for data. Ex. 6. Walmart refused and instead provided a list of the fields Walmart produced in other opioid litigation involving different legal claims. *Id.* The United States is not bound by negotiations in another case. Absent information sufficient to evaluate the relevancy of various fields, the Government seeks all available data fields. In an effort to compromise, however, the Government's Proposed Order sets forth a process for potentially narrowing the scope of data fields Walmart is required to produce.

        Respectfully submitted,

        SHANNON T. HANSON
        Acting United States Attorney

BY:    <u>*/s/ Elizabeth Vieyra*</u>
        Elizabeth Vieyra
        Assistant United States Attorney
        1313 N. Market Street
        P.O. Box 2046
        Wilmington, Delaware 19899-2046
        Telephone: 302-573-6148
        Facsimile: 302-573-6220
        Elizabeth.Vieyra@usdoj.gov

Dated: February 14, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                    Plaintiff,          )<br>                                                          )<br>         v.                                          )   Case No. 1:20-cv-01744-CFC<br>                                                          )<br>WALMART INC. *et al.*,                 )   **CONFIDENTIAL**<br>                                                          )   **FILED UNDER SEAL**<br>                    Defendants.        )<br>                                                          )<br>                                                          ) | |

# CERTIFICATE OF SERVICE

    I hereby certify that on February 14, 2025 true and correct copies of the foregoing document were caused to be served on the following counsel of record via electronic mail:

    Robert W. Whetzel
    Kelly E. Farnan
    Richards, Layton & Finger, P.A.
    920 North King Street
    Wilmington, DE 19801
    Email: whetzel@rlf.com
    Email: farnan@rlf.com

    Yaakov M. Roth
    William G. Laxton, Jr.
    Jones Day
    51 Louisiana Avenue, N.W.
    Washington, DC 20001-2113
    Email: yroth@jonesday.com
    Email: wglaxton@jonesday.com
    Email: jeffreyjohnson@jonesday.com
    Email: kalejnieks@jonesday.com

    Karen P. Hewitt
    Jones Day
    4655 Executive Drive, Suite 1500
    San Diego, CA 92121-3134
    Email: kphewitt@jonesday.com

Jason S. Varnado
Andrew J. Junker
Jones Day
717 Texas, Suite 3300
Houston, TX 77002-2172
Email: jvarnado@jonesday.com
Email: ajunker@jonesday.com

James W. Carlson
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Email: jamescarlson@jonesday.com

Laura Jane Durfee
Jones Day
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Email: ldurfee@jonesday.com

David W. Ogden
Charles C. Speth
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20006
Email: david.ogden@wilmerhale.com
Email: charles.speth@wilmerhale.com

*/s/ Elizabeth Vieyra*