IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01744-CFC |
| | ) | |
| WALMART INC. and | ) | |
| WAL-MART STORES EAST, LP, | ) | **PUBLIC FILING** |
| | ) | **NO REDACTIONS** |
| Defendants. | ) | |

**NONPARTY AGENCIES' DISCOVERY DISPUTE LETTER**

Roger J. Gural (Ga. Bar. No. 300800)
Senior Trial Attorney
Noah T. Katzen (D.C. Bar. No 1006053)
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 307-0174 (Gural)
(202) 305-2428 (Katzen)
Roger.Gural@usdoj.gov
Noah.T.Katzen@usdoj.gov

Dear Judge Tennyson:

I write on behalf of six nonparty agencies that Defendants (collectively, Walmart) have subpoenaed under Rule 45 of the Federal Rules of Civil Procedure.[1] On September 25, 2024, this Court held that these agencies are not subject to party discovery under Rule 26. *See* ECF No. 183, Ex. L, Tr. of Discovery Conf. (9/25/2024), at 55. Approximately one month later, Walmart served the Rule 45 subpoenas at issue here. *See* ECF No. 183, Exs. F-K. Now, Walmart asks the Court to overrule DoD's *Touhy* objections, to deem all objections waived, and to reconsider the Court's earlier ruling on party discovery. *See* ECF No. 183 at 4-6; ECF No. 179. The Court should reject Walmart's requests.

*Touhy.* "When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT Corp. v. Nat'l Science Foundation*, 190 F.3d 269, 278 (4th Cir. 1999). Thus, in cases where an agency is not a party, courts have long recognized that the Federal Housekeeping Statute, *see* 5 U.S.C. § 301, gives agencies "power to promulgate regulations which grant the agency discretion to determine whether to comply with subpoenas or requests for employee testimony in private litigation." *Davis Enters. v. EPA*, 877 F.2d 1181, 1184 (3d Cir. 1989) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)); *see also Gillette v. Warden Golden Grove Adult Corr. Facility*, 109 F.4th 145, 155–56 (3d Cir. 2024) (holding that *Touhy* regulations applied where relevant federal agency was "not a party" to original proceeding).

The sole *Touhy* issue before the Court is whether Walmart must comply with the DoD *Touhy* regulations, given that DoD itself is not a party here.[2] Walmart does not contend that any exception to DoD's *Touhy* regulations applies. *Cf.* 32 C.F.R. § 97.2 (enumerating exceptions). Rather, Walmart contends that, regardless of the absence of any statutory or regulatory exception, "Touhy regulations should not apply where the Government is a party to the litigation," even if the relevant agency is not a party. ECF No. 183 at 5 (quoting *United States ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 518 (W.D. Ohio 1999)).

Walmart is incorrect: *Touhy* regulations (including DoD's) may apply when the government is a party unless those regulations provide otherwise. *See Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 834 n.2 (3d Cir. 1995) (holding that appellants' challenge to agency's invocation of *Touhy* regulations in case in which government was a party "lacks merit"), *cert. denied*, 516 U.S. 1071 (1996); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("The defendant claims at the outset that Touhy regulations do not apply to cases in which the United States is a party, but neither the authorizing statute . . . nor the [agency]

---

[1] The six agencies are: (1) the Department of Health and Human Services (HHS); (2) the Indian Health Service (IHS); (3) the Centers for Medicare and Medicaid Services (CMS); (4) the Department of Veterans Affairs (VA); (5) the Federal Bureau of Investigation (FBI); and (6) the Department of Defense (DoD).

[2] Based on this Court's ruling that they are not parties to this litigation, all six agencies initially objected that Walmart had failed to comply with their *Touhy* regulations. *See* Exs. B-G. On further consideration following correspondence and phone calls with Walmart, five agencies— the VA, the FBI, HHS, IHS, and CMS—withdrew their *Touhy* objections.

regulations . . . impose any such limitation."); *see also United States v. Fleet Mgmt. Ltd.*, No. 07-279, 2008 WL 1848102, at *2–4 (E.D. Pa. Apr. 24, 2008) (holding that Department of Homeland Security's *Touhy* regulations applied in case brought by "the United States" while finding that DHS abused its discretion in rejecting *Touhy* request); *Bancorp v. F.D.I.C.*, No. CIV A 99-3799 (JCL), 1999 WL 1332312, at *2–5 (D.N.J. Nov. 10, 1999) (permitting non-party federal agency to invoke *Touhy* regulations in case in which defendant was a different federal agency); *United States v. Adil*, 1:21-cr-277, 2022 WL 20275084, at *1 (E.D. Va. Aug. 3, 2022) (holding that DoD's *Touhy* regulations apply in case brought by "the United States of America"). Because DoD's regulations do not provide otherwise, they apply here. *See* 32 C.F.R. § 97.2. To the extent *Roby* or *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C 1998) stands for the categorical proposition that *Touhy* regulations are inapplicable whenever the government is a party, they are inconsistent with *Redland*, which is binding in courts of this Circuit.

*__Waiver.__* Walmart contends that three agencies—DoD, the VA, and the FBI—waived objections because their responses were not timely. But "it is well settled that the Court affords non-parties greater protection from discovery than a party." *Canca v. Wayfair LLC*, No. 22-2518 (GC) (RLS), 2023 WL 7221148, at *3 (D.N.J. Nov. 2, 2023); *see also Petroleum Mktg. Grp., Inc. v. Universal Prop. Servs., Inc.*, No. 22-2410 (GC) (RLS), 2023 WL 5985300, *2-3 (D.N.J. Mar. 30, 2023). In particular, "courts are not precluded from considering objections filed after the deadline where there exist unusual circumstances or good cause is shown." *Pinchuck v. Chemstar Prods. LLC*, No. 13-mc-306-RGA, 2014 WL 2990416, at *1 n.1 (D. Del. June 26, 2014). Among other things, the Court may consider whether (1) "the subpoena is overbroad on its face and exceeds the bounds of fair discovery," (2) "the subpoenaed witness is a non-party acting in good faith," and (3) "counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *R.B. v. Hollibaugh*, No. 1:16-cv-01075, 2017 WL 1196507, at *3 (M.D. Pa. Mar. 31, 2017) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999)); *see also Semtek Int'l, Inc. v. Merkuriy Ltd.*, No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996).

Here, those factors warrant finding that the agencies' tardiness did not act as a waiver. First, the subpoenas are plainly overbroad, as the agencies' objections explain. *See* ECF No. 183, Ex. T. Second, these nonparty agencies have conferred (and will continue to confer) with Walmart in good faith, attempting to appropriately tailor the requests to the needs of this case. Third, although the agencies and their counsel were not in direct contact with Walmart's counsel before their responses, the agencies' objections were no surprise to Walmart, given that the United States made similar relevance and burden objections when Walmart sought party discovery from the agencies. *See* ECF No. 150 at 3.

Walmart does not dispute that HHS, IHS, and CMS timely served their objections. Instead, Walmart asserts that these agencies "asserted only invalid boilerplate objections 'to the extent' the Subpoenas sought certain information." ECF No. 183 at 5. That characterization of the agencies' objections is inaccurate.[3] In any event, even if the agencies' initial objections are deemed "boilerplate," waiver would not be the appropriate remedy. *De Socorro Quintero Perez v. United States*, 13-cv-1417-WQH-BGS, 2016 WL 304877, at *2 (S.D. Cal. Jan. 25, 2016). Rather, the agencies should be given an opportunity to offer more specific objections, which they intend

---

[3] *See, e.g.*, ECF No. 183, Ex. T, HHS Nov. 14 Letter at 3 (explaining undue burden objection).

2

to do in advance of the hearing. *See Antamex Int'l, Inc. v. Zurich Am. Ins. Co.*, Civ. No. 20-15232 (JHR/AMD), 2022 WL 20679662, at *3 & n.3 (D.N.J. Aug. 1, 2022) (finding no waiver where party offered more specific basis for objections at hearing).

***Party discovery.*** The bulk of Walmart's discussion of Issue 3 consists of asking the Court to revisit its earlier holding that party discovery is not appropriate from these six agencies. As counsel for the United States have explained, these agencies did not contribute significantly to the investigation underlying the United States' complaint or the prosecution of this case, and thus the Court's earlier holding was appropriate. While it is appropriate for counsel for the United States to address Walmart's new arguments about the investigation more fully, the agencies make two points in response to Walmart's arguments.

First, it is irrelevant that counsel for the agencies are assigned to the same DOJ branch as the trial team representing the United States in this matter. By statute, Congress required the same Department of Justice that brought this case in the name of the United States to represent the agencies in court with regard to Walmart's subpoenas. 28 U.S.C. § 516 (mandating that "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested … is reserved to officers of the Department of Justice"). Counsel appearing for the agencies have had no involvement in the United States' case and have been assigned to this matter solely to provide the nonparty agencies with representation, as the statute requires. In any event, the relevant question is whether the agencies themselves—not the DOJ lawyers who represent them—"are so closely aligned with the DOJ as to be part of the prosecuting team or hav[e] contributed significantly to this investigation." ECF No. 183, Ex. L, Tr. of Discovery Conf. (9/25/2024), at 55. The answer to that question, as the Court previously found, is no.

Second, Walmart contends that the agencies have frustrated its attempt to obtain discovery for "nine months." But as its recitation of the case history makes clear, most of that time is attributable to Walmart's improper attempt to obtain party discovery from these six agencies and the month-long delay in between this Court's rejection of that attempt and Walmart's service of the Rule 45 subpoenas. The subpoenas that are the subject of this motion—the only discovery documents that have been served on the agencies in this matter—have been pending not for "nine months," but for less than four. Walmart's complaints about alleged delay do not provide a basis for the Court to reverse course now and order party discovery from the agencies, particularly in light of the agencies' valid objections to relevance and undue burden.

Respectfully,

*/s/ Noah T. Katzen*

Noah T. Katzen (D.C. Bar No. 1006053)

cc: Counsel of Record (By Email)

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 28, 2025, the foregoing document was caused to be served on all counsel of record via ECF.

*/s/ Noah T. Katzen*
Noah T. Katzen