# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-1744-CFC-EGT |
| ) | |
| WALMART INC. AND WAL-MART ) | **REDACTED** |
| STORES EAST, LP, ) | **PUBLIC VERSION** |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY DISPUTE LETTER

OF COUNSEL:

William G. Laxton, Jr.
Jeffrey R. Johnson
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

Karen P. Hewitt
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Jason S. Varnado
Andrew J. Junker
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2172

Laura Jane Durfee
JONES DAY
325 John H. McConnell Blvd.
Suite 600
Columbus, OH 43215-2673

James W. Carlson
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514

David W. Ogden
Charles C. Speth
William Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

*Attorneys for Defendants Walmart Inc. and Wal-Mart Stores East, LP*

Dated: February 21, 2025

Dear Judge Tennyson:

The government asks this Court to order the production of *all* controlled substance and certain non-controlled substance prescription records, from *all* of Walmart's more than 5,000 stores, using *all* available fields, for nearly a decade. That amounts to more than *400 million* prescriptions and involves the private medical records of over *40 million* Americans. Under Rule 26(b)(1), discovery must be both "relevant to any party's claim or defense" and "proportional to the needs of the case." The government's demand fails both tests and should be denied.

The prescription records the government seeks are not relevant to any "claim or defense." FRCP 26(b)(1). As Walmart explained, D.I. 183 at 1–3, the government's demand is not about the 80,000 prescription claims it pled, but rather to search for *new* claims for new prescriptions not in its Complaint. Yet, discovery is limited to substantiating the "claims set out in [the] complaint" and is not a vehicle to hunt for new ones. *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del. 1993). The government tries to end-run that principle by defining its legal theories as "claims," but the "legal theory that may provide support for [a] claim" is not *itself* a claim. *Hirst v. Skywest, Inc.*, 2022 WL 3999701, at *6 (N.D. Ill. Aug. 31, 2022). Under the government's hide-the-ball approach, a defendant would be denied basic notice of alleged wrongdoing and the ability to defend itself. The law and common sense do not support that outcome.

*First*, the government tries to distinguish "claims" and "violations." But a "claim" is inseparable from a violative act which, if proved, entitles the plaintiff to a remedy. *See Cristin v. Brennan*, 281 F.3d 404, 418 (3d Cir. 2002). That is why courts refer to "claim[s] for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The government conceded as much by cabining its CSA violations to those within the limitations period, treating each violation as a "claim" with a distinct accrual. *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). The government points to the CSA's use of the term "violations," but that merely proscribes conduct; a "claim" arises when such conduct is the basis for a remedy. The government also cites to *U.S. v. Appalachian Reg'l Healthcare, Inc.*, 246 F. Supp. 3d 1184 (E.D. Ky. 2017), but there the government identified the prescriptions at issue in its complaint, *id.*, D.I. 1 ¶¶ 81, 95, 105, 110 (Ex. Z), and recognized it had asserted the equivalent of "180 separate counts . . . one for each violation," *id.*, D.I. 14 at 4, 28 n.6 (Ex. AA).

*Second*, the government argues that its approach is "not unusual" and that courts "routinely allow discovery related to violations not specifically referenced in the complaint." But the only CSA case to address the issue held the opposite. *U.S. v. Ridley's Family Markets, Inc.*, 20-cv-173, D.I. 74 (D. Utah June 27, 2022) (Ex. R). There the government sought discovery of thousands of "red flag" prescriptions not in its complaint, pointing to a "pattern or practice of misbehavior." *Id.* at 12; *id.*, D.I. 26 ¶¶ 3, 29–33, 93 (defendant had "virtually no safeguards," "failed to ensure" its pharmacists had relevant "information and guidance," and promoted a pharmacist with a "documented history of ignoring laws") (Ex. BB). The court denied the government's motion as a "fishing expedition," finding that the alleged "red flag" was "insufficient to suggest knowledge of impropriety" and that the government had "overestimate[d] the legal effect of alleging a pattern or practice," which "cannot untether civil discovery from its rule-based moorings." *Id.*, D.I. 74 at 12, 15 (Ex. R). The government attempts to distinguish *Ridley's* by attacking its own allegations in that case. But that misses the point; a "blanket accusation" does not warrant discovery, only claims do. *Id.*, D.I. 74 at 16 n.56. And CSA claims require a "holistic review" of the "specific

circumstances" of each prescription—including the prescriber, patient, medication, medical condition, and pharmacist. *See Ridley's*, 2025 WL 253248, at *3 (D. Utah Jan. 21, 2025).

Turning from the CSA, the government cites False Claims Act cases. But each of those involved allegations of a "national company policy" to violate the FCA by making a stream of materially identical false claims. *See U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 174 (E.D. Pa. 2012); *id.* at 177 n.34 ("Defendants have seemingly admitted that these claims are consistent with their company-wide practices."); *U.S. ex rel. Bibby v. Wells Fargo Bank*, 165 F. Supp. 3d 1340, 1344, 1355–56 (N.D. Ga. 2015) ("routine practice of creating false documents and making false statements" was a "nationwide scheme"); *U.S. ex rel. Rost v. Pfizer, Inc.*, 253 F.R.D. 11, 17 (D. Mass. 2008) (rejecting nationwide discovery for failure to show "national directive"). The government has not alleged a comparable nationwide policy to knowingly fill invalid prescriptions. Nor could it, as noted above. Instead, the government alleged a failure to "*ensure* that [Walmart pharmacists] made dispensing decisions consistent with professional practice standards"; decisions that "*exacerbated* an already challenging environment"; and policies that "*contributed* to pharmacists' willingness to fill prescriptions they knew were invalid." D.I. 109 ¶¶ 104, 139, 538 (emphasis added). None of that violates the CSA. The allegations this Court allowed to move into discovery were "that *specific compliance team members* knew that *specific doctors* prescribed invalid prescriptions that were continually presented to Walmart pharmacies and that, despite this knowledge, Walmart pharmacists continued to fill *specific numbers* of those doctors' invalid prescriptions." D.I. 116 at 24 n.2 (emphasis added). That is the case the government pled and those are the allegations that control the scope of discovery.

*Third*, the government hand waves that it may need more data to assess whether prescriptions were "extreme statistical outliers" or "Walmart's culpability and the public harm." None of that is relevant; nor does it support the production of 400 million health records.

The government's data demands are also not "proportional to the needs of the case." FRCP 26(b)(1). The production of hundreds of millions of prescription records would be a monumental undertaking, as Walmart has repeatedly stated. Gov. Ex. 2 at 12–14; 1/31/25 Ltr. at 2–3 (Ex. CC). Walmart estimates it would take at least six to nine months to produce nationwide data even limiting the production to the subset of transactional fields it has used in other opioid-related cases. 2/20/25 Walmart Decl. ¶¶ 12–13 (Ex. DD). But the government also demands Walmart produce "all fields" for those records. Walmart has explained that producing even just a list of "all fields" would require processing hundreds of data tables and pointed the government to documents and testimony showing information available to pharmacists when filling a prescription. 1/31/25 Ltr. at 2–3 (Ex. CC). But the government ignored it. Walmart also informed the government that producing from "all" fields for "all" prescriptions may be practically impossible. *Id.* at 2–3; 2/20/25 Decl. ¶¶ 14–16, 28 (Ex. DD). Once again the government refused to engage.

Walmart has repeatedly informed the government that it is willing to produce additional data fields for the prescriptions pled in the Complaint. 12/13/24 Ltr. at 6–7 (Ex. Q); 1/31/25 Ltr. at 1 (Ex. CC). But the government simply rests on "all" information about everything. That is unworkable. The government has struggled to identify the prescriptions it already pled—let alone produce discovery about them. Starting discovery over with hundreds of millions of new prescriptions is absurd and would only make matters that much worse. The government's motion should be denied.

        Respectfully,

        */s/ Kelly E. Farnan*

        Kelly E. Farnan (#4395)

Attachments
cc:  All Counsel of Record (w/e) (By E-Mail)

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Shannon T. Hanson
Acting United States Attorney
Dylan Steinberg
Elizabeth F. Vieyra
Assistant United States Attorney
U.S. Attorney's Office
Hercules Building
1313 N. Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Amanda N. Liskamm
Kathleen G. Brunson
Katherine M. Ho
Kimberly R. Stephens
Noah T. Katzen
U.S. Department of Justice, Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044

**BY ELECTRONIC MAIL**
Carolyn B. Tapie
USDOJ – Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602

**BY ELECTRONIC MAIL**
Amanda A. Rocque
Jasand P. Mock
USDOJ – District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

**BY ELECTRONIC MAIL**
C. Michael Anderson
Andrew Kasper
USDOJ – Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

**BY ELECTRONIC MAIL**
Elliot M. Schachner
Megan Freismuth
USDOJ – Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com