# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALMART INC. AND WAL-MART ) <br> STORES EAST, LP, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 20-1744-CFC-EGT <br><br> **REDACTED** <br> **PUBLIC VERSION** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY DISPUTE LETTER

OF COUNSEL:

William G. Laxton, Jr.
Jeffrey R. Johnson
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

Karen P. Hewitt
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Jason S. Varnado
Andrew J. Junker
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2172

Laura Jane Durfee
JONES DAY
325 John H. McConnell Blvd.
Suite 600
Columbus, OH 43215-2673

James W. Carlson
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514

Robert W. Whetzel (#2288)
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
farnan@rlf.com

*Attorneys for Defendants Walmart Inc. and Wal-Mart Stores East, LP*

Dated: May 6, 2025

Dear Judge Tennyson:

In March, this Court rejected the government's demand for more than 400 million prescription records from Walmart because such a broad request did not "bear[] sufficient relevance to the claims" in this litigation, was "untethered from the [CSA] violations pled," and "seem[ed] to be a fishing expedition"—"[j]ust like the government's" data demands "in the *Ridley's Family Markets* case." D.I. 204 at 129:1–24. The Court also found that the production of "hundreds of millions of prescriptions" was "not proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1). *Id.* at 129:25–130:3. Since then, Walmart produced additional dispensing data for the approximately 80,000 prescriptions pled in the Complaint. *See* Ex. A. Walmart also repeatedly offered to negotiate the possibility of additional prescriptions that could be the subject of discovery, using the government's spreadsheet of "red flag" prescriptions as a starting point. *See* 12/13/24 Ltr. at 6–7 (Ex. B); 1/31/25 Ltr. at 1 (Ex. C); 3/26/25 Ltr. at 2 (Ex. D).

The government, however, refused to engage with these offers and instead filed a rehashed version of its prior motion that continues to seek oceans of patient data untethered to its claims. Last time it was for 400 million records. This time it is for the more than 7*0 million* prescription records Walmart produced in the public nuisance-based MDL and state-court cases ("MDL data"). But even that vast amount of data likely will not be enough, because the government has announced that if it finds these 70 million records "insufficient," it will return yet again to "seek an order to compel production of additional data." D.I. 207 at 4. And it is all but certain that the government will find these 70 million MDL records "insufficient" because, as Walmart has already explained to the government, the MDL data does not match up to either the time period or to the medications at issue here. 3/26/25 Ltr. at 2–3 (Ex. D); Durfee Decl. (Ex. E).

Undeterred, the government first argues that it wants this data to show that the "red flag" prescriptions pled in the Complaint "fell outside the standard of care" and that "the Walmart pharmacy or pharmacist would have known as much." D.I. 209 at 1. This has never been the reason the government sought Walmart's data and it is not convincing now. To start, the government already has approximately six million Walmart prescription records from the investigation preceding this Complaint. Not once has the government pointed to *any* of this data (or any other dispensing data) as being relevant to whether another prescription it has already pled "fell outside the standard of care." Indeed, Walmart's Interrogatory 2 asked for "the reason(s) [the government] contend[s]" that the prescriptions at issue violated the CSA. 4/23/24 ROGs at 13 (Ex. F). The government's *four* separate responses to that interrogatory have never once identified other dispensing data as relevant to that inquiry. 6/2/24, 10/22/24, 11/21/24 & 3/28/25 O&Rs (Exs. G–J). Further, the government confirmed in its motion that, if not for burden concerns, it would have only requested data "for prescriptions that meet the red-flag specifications" and not for a broader data set allegedly to show some benchmark. D.I. 209 at 2 n.2.

Moreover, the MDL data is both too broad and too narrow for the government's stated purpose. The government seeks prescriptions (i) just from Walmart pharmacies, (ii) over a different relevant time period, (iii) comprised of different medications than at issue here, (iv) with different "red flag" criteria for the medications that do overlap, and (v) from select geographies not tied to the allegations in this case. Durfee Decl. (Ex. E). Such a haphazard data set from *Walmart* pharmacies could never establish the *industry* standard of care. Nor could its collection of mismatched medications and combination categories ever be relevant to pharmacist knowledge

in *this* case.  The government tries to justify its desire for MDL data by pointing to Walmart subpoenas for PDMP data.  But Walmart's subpoenas—which seek controlled substance dispensing data across other pharmacies statewide to show the standard of care and refute the government's novel theory of *per se* invalidity—only show that the government's justification is a smokescreen.  If the government were really interested in the standard of care, it would join Walmart's efforts to gather relevant PDMP data.  It has not.  The government's brief also makes a half-hearted argument for the data so the Court can later assess civil penalties.  The government does not explain why penalty-related discovery should happen *now* when no liability has been proven.  The one case it cites is not even about discovery.

The government's real reason for seeking tens of millions of new prescriptions is the same it has always been.  The government wants to "identify additional violations" that it did not plead in its Complaint.  This Court rejected this argument last time, and it should do so again.  D.I. 204 at 129:19–24.  The United States cannot "engage in a fishing expedition by using civil discovery as a mechanism to search for . . . regulatory violations" beyond its pleadings.  *U.S. v. Ridley's Family Markets Inc.*, 20-cv-173, D.I. 74 at 15 (D. Utah June 27, 2022) (Ex. K).  The government protests that Walmart's objection to producing this data is a "back-door effort to strike allegations of nationwide violations."  But Chief Judge Connolly noted that Walmart's objection to vague, catch-all pleading could be addressed through "discovery parameters," and Walmart stated in its Motion to Dismiss its intention to do just that.  D.I. 108 at 93–94 (Ex. L); D.I. 110 at 1 n.1.

The government also argues that its request is not burdensome.  That is wrong, and the government's own Proposed Order shows that its request demands more than Walmart simply flipping the data to it.  The fact that Walmart has produced this data in *other* cases does not address the burden in *this* case.  Rule 26(b) asks whether the requested discovery is "proportional to the needs of the case," including "whether [its] burden or expense . . . outweighs its likely benefit."  To start, it would take Walmart hundreds of hours to repull the MDL data so that it includes all of the 45 data fields (including patient-identifying fields) that Walmart has produced for other prescriptions in this case.  Durfee Decl. at 5 (Ex. E).  Producing this data without all 45 data fields would unfairly prejudice Walmart because it would not allow for the identification of prescriptions subject to the "red flag" exceptions the government has identified.  Even if Walmart were able to easily re-produce the MDL data, the burden inquiry "looks at more than just cost and the technical burdens of effectuating production; it also looks at whether production of the requested discovery could lead to" other complications, such as "unnecessary exposure of private information, or needless expansion of the issues in dispute."  *GSL Grp. v. Travelers Indem.*, 2020 WL 4282291, at *12 (D. Colo. July 24, 2020).  Here, producing more than 70 million sensitive medical records is plainly not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  To do so now, more than halfway through fact discovery, would be time-intensive, unwieldy, and trigger a "needless expansion of the issues in dispute."  *GSL Grp.*, 2020 WL 4282291 at *12.

Fact discovery in this case is more than halfway over.  The government is still struggling to develop its case with respect to the more than 80,000 CSA claims alleged in its Complaint.  Yet it continues to waste party and judicial resources with demands to dramatically expand the scope of this litigation, in which it cannot meet its own discovery obligations.  This Court was right to call the government's last request a *Ridley's*-style "fishing expedition."  Its latest attempt fares no better.  This Court should break the cycle by denying the government's motion, holding it to the CSA claims alleged in its pleadings, and reaffirming the proper scope of civil discovery.

        Respectfully,

        */s/ Kelly E. Farnan*

        Kelly E. Farnan (#4395)

Attachments  
cc:  All Counsel of Record (w/e) (By E-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Shannon T. Hanson
Acting United States Attorney
Dylan Steinberg
Elizabeth F. Vieyra
Assistant United States Attorney
U.S. Attorney's Office
Hercules Building
1313 N. Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Carolyn B. Tapie
USDOJ – Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602

**BY ELECTRONIC MAIL**
C. Michael Anderson
Andrew Kasper
USDOJ – Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

**BY ELECTRONIC MAIL**
Amanda N. Liskamm
Kathleen G. Brunson
Katherine M. Ho
Kimberly R. Stephens
U.S. Department of Justice, Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044

**BY ELECTRONIC MAIL**
Amanda A. Rocque
Jasand P. Mock
USDOJ – District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

**BY ELECTRONIC MAIL**
Elliot M. Schachner
Megan Freismuth
USDOJ – Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

> */s/ Kelly E. Farnan*
> Kelly E. Farnan (#4395)
> farnan@rlf.com